A. R. PROCK v. THE STATE.

No. 7157.   Decided November 1, 1922.

Child Desertion—Insufficiency of the Evidence—Burden of Proof.

   This court has often discussed this question, and has always held that
the burden is upon the State to show that the failure to contribute to
or to support the wife or children who may be in needy circumstances or
destitution must be shown to have been wilful on the part of the accused,
and in the absence of such showing a conviction cannot be sustained,
and in the instant case, there being an entire lack of evidence sufficient
to justify the verdict, the judgment is reversed and the cause remanded.

Appeal from the County Court of Jones.   Tried below before the
Hon. E. S. Cummings.

Appeal from conviction of child desertion; punishment, a fine of
$100 and sixty days' confinement in the county jail.

The opinion states the case.

*Lon A. Brooks,* for appellant.—On question of the insufficiency of
evidence, Furlow v. State 182 S. W. Rep., 308; Wallace v. State, 210
S. W. Rep., 206; Bobo v. State, 235 S. W. Rep., 878.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County
Court of child desertion, and the punishment fixed at a fine of
$100 and confinement in the county jail for sixty days.

The case must be reversed because of what appears to us to be an
entire lack of evidence sufficient to justify the verdict.  Appellant's
wife testified that she had filed the complaint against her husband
at a time when she was mad with him.   She testified that they
lived together as husband and wife for nine or ten years and that
during most of that time appellant had been a good husband and
had supported her to the best of his ability, and that because of
hard times and straitened circumstances they had been compelled
to separate, she going back to her mother's, while he went in search
of work.   She further stated that she had heard from him at different
times and he had been unable to get work, and that when he notified
her that he was at work, that he sent her money.   She also heard
of his being ill.   Another State witness testified that after the above
mentioned separation of the husband and wife, that the wife and two
children lived in a little house on her place and that she thought
at different times they were in needy and destituted circumstances.
The State introduced but one other witness who testified that ap-
pellant contributed to the support of his family so far as he knew

to the best of his ability while he was in a position to observe. The record is entirely barren of any fact justifying the conclusion that the failure of appellant to contribute more to the support of his minor children than he did, was due to any wilfulness or desire on his part. This court has often discussed this question and has always held that the burden is upon the State to show that the failure to contribute to or to support the wife or children who may be in needy circumstances or destitution, must be shown to have been wilful on the part of the accused, that is, the State must show with some degree of certainty that there was an ability on the part of the accused to take care of his wife or child, as the case may be, and that possessing such ability he refused. It was not shown that appellant even knew of the fact that his wife or children were needy. It was in evidence that he learned at one time of the fact that one of his children was ill and that at once wrote and gave instructions to send him the bill and that he would pay it, and to take the child to a sanitarium if necessary and he would stand the expenses as best he could.

Believing that the record presents a case which does not measure up to the requirements of the law, we have no other course than to direct a reversal, which is ordered.

*Reversed and remanded.*