WALTER DAVIS v. THE STATE.

No. 12496. Delivered April 17, 1929.

The opinion states the case.

*Anderson & Jones* of San Angelo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for wife and child desertion; punishment, a fine of $25.00.

On January 12, 1926, a sixteen year old boy, without profession, means or property to support a wife, married a fifteen year old girl, apparently over the opposition of relatives on both sides. On September 8, 1927, as an almost reasonable sequence, the brother of the wife filed complaint against the boy for desertion of his wife and baby. The wife was then expecting another child, which had come at the time of this trial. The case was tried before the judge without a jury. There was but one bill of exceptions taken which complains of the admission of certain testimony, but said bill does not make apparent the fact that appellant did not hear the conversation between Mr. Hallmark and appellant's mother, the reception of which is made the subject of said bill. For a bill of exceptions to be sufficient to bring before this court errors complained of, it must manifest within itself the fact that error was committed.

Since the adoption of the 1925 Penal Code the expression "without justification," which was originally a part of the statute charging this offense, is no longer in the written law, and it is not necessary now to insert in the complaint an allegation charging the desertion to have been without justification.

We have carefully considered the facts in this case. The girl-wife on the witness stand affirmed in detail the struggle made by the two of them together, with the occasional aid of appellant's father, and by virtue seemingly of the fact that when the young husband could get work nowhere else, he could always get work with his father, how they managed to get along. She finally objected to his living with and working for his father, a not unnatural thing for her to do under the circumstances. No house seems big enough to hold two families. In the summer of 1927 she went to east Texas, and in August of that year exchanged letters with her husband, and she came back "home" about September 1st. Her husband was at the home of his father. She went out with her brother to see him, and we gather from the testimony that the interview at the house be-

tween her and her mother-in-law was not pleasant, though the wife admits that she was angry and excited, and admits that her mother-in-law told her to go away, cool off and come back and talk it over. She said she had some kind of agreement with her husband; that she knew he had no money, and he told her so. She said she wanted him to get a room in town, his father living about nine miles out, and he agreed to do so. She further said, "I would not go back and live out there with his mother and father." She says they never had any spats and no fusses, and that she had credit at the stores, and that he was a good boy, but that she told him positively that she would not go back out there, and that he ought to get him another job before she would live with him. It further appears that within a few days after this and apparently because of the fact that appellant did not live up to what she says was his agreement to get a room in town, complaint was filed against him charging this offense, and upon which this trial was had. Without going further into the facts, it seems to us they do not support the proposition that this young man "wilfully deserted his wife and child." That he did not support them is evident; that he could do so is not at all evident; that they were in destitute and necessitous circumstances, is true. It is quite likely that appellant could have worked harder, and equally possible that he may have been more successful, but in order to justify the conviction of one for a violation of this statute, under all of the authorities, it must be shown beyond a reasonable doubt not only that he deserted his wife and child, but that his desertion was wilful. He was a youngster and without a home, and if the best he could do to support her and her child was to work for his father, and the father and mother were willing for him to do so, it would seem that her refusal to live with him at that place would take out of the situation wilful desertion on his part. Lamm v. State, 85 Texas Crim. Rep. 48; Mercardo v. State, 86 Texas Crim. Rep. 559; Flowers v. State, 87 Texas Crim. Rep. 293; Mikeski v. State, 88 Texas Crim. Rep. 504; Prock v. State, 92 Texas Crim. Rep. 494. No attempt was made to show that the husband had work or that he refused to work when he had the opportunity, or that he refused to divide his earnings with his wife and child, or that he had ability to support them. The judgment appearing to be without sufficient testimony to support it, we are not willing to let it stand.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*