### J. A. OTTO v. THE STATE.

No. 9031. Delivered December 3, 1924.

No motion for rehearing filed.

**Desertion of Minor Children—Ability to Support.**

In order to support a conviction for this offense, it is necessary for the state to show that the accused is able to support his children, and wilfully refuses to do so.

Appeal from the County Court at Law, No. 2, of Harris County. Tried below before the Hon. Roy F. Campbell, Judge.

Appeal from a conviction of desertion of minor children under the age of sixteen years; penalty a fine of $25.00 and two days in the county jail.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the county court at Law of Harris county of desertion of his minor children under sixteen years of age, and his punishment fixed at a fine of $25.00 and two days in the county jail.

There are no bills of exception in the record, and the only question is the sufficiency of the testimony. But two witnesses testified, appellant's former wife appearing for the State and appellant himself testifying for the defense. The wife stated in her testimony that she and appellant had separated and she had obtained a divorce from him in which she was given the custody of the two children. She also stated that when they separated appellant gave her all of the furniture that they had and deeded her their equity in a home which they had been paying out. She also said that during part of the time since separation he had given her small sums of money each week until a short time before this trial. No statement appears in her testimony as to appellant's ability to support said children.

In order to support the allegation of wilfulness in the alleged desertion and failure to support, it is necessary that there be some testimony showing that the accused is so situated as that he can support his children but will not. Appellant in his testimony states that he had paid $600.00 on the home and had spent several hundred dollars improving it and valued the equity which he deeded to his wife when they separated, at about $900.00. He also said that he had paid about $1200.00 for his furniture which he gave her, and only owed $35 on it. She was receiving at the time of the trial $40.00 a month rent from said house. Appellant testified that he had been out of work a great deal of the time since his separation from his wife and that he had intended and still intended to support his children, and would pay money to their mother for their support as soon as he earned it. A letter written to appellent by his wife was in evidence and showed admissions on her part that she had fussed at him and cursed him and that he had not mistreated her.

We are of opinion that the evidence does not show a wilful failure or refusal on the part of appellant to support his children, and for this reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*