### W. W. WEST v. THE STATE.

No. 11732. Delivered June 13, 1928.
Rehearing by State denied October 17, 1928.

The opinion states the case.

*Houtchens & Clark* and *J. H. Craik* of Fort Worth, for appellant.

*Jesse E. Martin,* Criminal District Attorney, *W. M. McGregor,* Assistant Criminal District Attorney, of Tarrant County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—Conviction for wilfully refusing to support his minor children; punishment assessed at a fine of twenty-five dollars.

The complaint and information were filed October 4th, 1927. Appellant had not lived with his wife and children since October, 1925. His wife secured a divorce from him in May, 1927. There were three children under sixteen years of age. It was stipulated in the decree of divorce that appellant should contribute the sum of $55.00 per month to his wife for the support and maintenance of their three minor children. It was further stipulated that appellant should assume the payment of certain community debts amounting to $93.00. Appellant and his wife entered into an agreement whereby he bound himself to convey to her their homestead. The wife bound herself to discharge the indebtedness against said property. Appellant worked for the North Texas Traction Company until May 5th, 1927, at a salary of $160.00 per month. On the last mentioned date he was discharged. According to his testimony, he at-

tempted to work as a barber, after losing his position with the traction company, but on account of his nervous condition was unable to continue in that occupation. Further, according to his testimony, he worked for Armour & Company for a few days but on account of the fact that the work was very heavy, he was physically unable to continue in that employment. Appellant's testimony was to the effect that, on account of his physical and mental condition, which had been brought about by his separation from his wife and children, he had been discharged by the traction company, and that thereafter had been unable to work and had lost the positions he had obtained. His testimony was further to the effect that he had contributed all that he had been able to give in money and supplies to his children before and after the divorce, and that for five months prior to the trial he had been out of employment practically all of the time. The custody of the minor children of appellant had been awarded to his wife. She testified that she had no money, property or other means of income for their support. Appellant's last contribution to the support of the children was made on June 20th, 1927. On that date he gave his wife $25.00. Two weeks prior to June 20th, he had given her $22.50. About the first of June he gave her $40.00. According to her testimony, during the six months prior to the first of June appellant had contributed nothing to the support of his children and had contributed very little during the two years that he and his wife had been separated. At the time the divorce was granted appellant conveyed all of his property to his wife. According to his testimony, the homestead was reasonably worth the sum of $3,500.00. There was a debt of $500.00 against it. An automobile which he transferred to her, according to his testimony, was worth $150.00. The brother of appellant's wife contributed about seven dollars worth of groceries a week toward the support of the minor children of appellant from March to June, 1927. He did this at the request of appellant, who assured him that he, appellant, would make every effort to secure work, in order that he might take care of the children. During a period of a year and a half prior to June, 1927, appellant maintained an account with one groceryman, which ran from sixteen to forty-four dollars a month. The wife of appellant received half of the groceries that appellant bought during such period. This groceryman testified that appellant's wife was at liberty to buy all the groceries she needed during such time. Another groceryman testified that the wife of appellant secured groceries upon appellant's account from his store,

The employers of appellant testified that his reputation for truth and veracity was good. It appears that he was efficient in the discharge of his duties until the domestic troubles resulting in the divorce occurred.

Appellant challenges the sufficiency of the evidence. In order to support the allegation of wilfullness in the failure to support, there must be some showing in the testimony that the accused is so situated that he can support his minor children but will not. Otto v. State, 266 S. W. 787; Prock v. State, 244 S. W. 600. The testimony seems to be undisputed to the effect that appellant conveyed all of the community property to his wife at the time the divorce was granted; that, after losing his job with the traction company, he was unable to secure and hold other employment on account of his mental and physical condition; that he had contributed to the support of his children until he had been discharged by the traction company; that he had asked his brother-in-law to contribute to their support until he could secure a position; that appellant had borne a good reputation for honesty and fair dealing and had been prompt in discharging his obligations during the time he was employed; that after losing his position with the traction company, he had been unable to pay his board and unable to meet his obligations. Appellant testified that if he could secure work he would gladly maintain and support his children. We are unable to reach the conclusion that there is any testimony in the record sufficient to justify the conclusion that appellant's failure to contribute to the support of his minor children was due to any wilfullness or desire on his part. We find nothing in the testimony that would imply a set purpose and design on the part of appellant to refuse and neglect to render such support. In the case of Mercardo v. State, 218 S. W. 491, in defining the term "wilful," Judge Lattimore said:

"The term wilful has been often defined by our courts, and as applied to this statute we think means not only with evil intent and malice but that it also implies a set purpose and design."

We are of the opinion that the evidence is insufficient to show a wilful failure or refusal on the part of appellant to support his children.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In its motion for rehearing the State contends that we erroneously held the evidence not sufficient to support the claim that appellant's failure to take care of his minor children, was wilful. We have again reviewed the testimony. For eight years appellant worked for the Traction Company, but was discharged in June, 1927. From March, 1927, to the time he lost his position, he gave his wife in checks more than $140.00, beside groceries and other things. She lived in the home he had deeded to her.

Appellant testified fully to his efforts to obtain work after losing his place with the Traction Company, and if his testimony be true, he was unable to get work sufficient to provide means for caring for his children. It would seem common knowledge from the public press and the statistics that many men were out of work at about that time, and in the absence of some testimony contradicting that of appellant, this court would be unwilling to hold that these facts would justify the conclusion that appellant's failure to furnish money to take care of his children in October 1927, was wilful.

The motion for rehearing by the State is overruled.

*Overruled.*