### J. C. LAWSON v. THE STATE.

No. 13294. Delivered February 26, 1930.
Reported in 25 S. W. (2d) 843.

The opinion states the case.

*Homer C. DeWolfe* of Goldthwaite, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for child desertion; punishment, two years in the penitentiary.

This is the first appeal to reach us from a conviction under the new law making a felony of the offense of desertion of wife or child. The facts in this case are very unusual and peculiar. Appellant seems to have been a laborer and separated from his wife, she taking their two minor children, and their two cows, and apparently whatever of household goods they may have possessed. The money of the family at the time of such separation seems to have consisted of ten dollars, seven of which appellant invested in groceries and left with his family, and the other three of which he seems to have appropriated. This separation occurred about the 15th of September 1928. The wife and children lived with the wife's father. On October 8, 1928, the wife charged appellant in the county court of Mills county with wilfully refusing to provide for the support of herself and their children, upon the filing of which complaint the county judge made an order requiring appellant to contribute twenty dollars per month to the support and maintenance of said wife and children. The statement of facts shows that after this order was entered appellant borrowed money and paid twenty dollars. If he paid anything else after that it is not shown. In June 1929, he was tried in said county court, found guilty, and punished by a fine of fifty dollars and confinement in the county jail for five days. His father paid the fine and costs, and appellant remained in jail for the five days mentioned, which would apparently expire June 13, 1929. The indictment in the instant case was returned at the September term of the district court, and appellant was put to trial herein October 10, 1929. In the statement of facts it is certified that from the time of appellant's release from jail on June 13th up to the time of this trial he had been out of work except for two small jobs which paid him an aggregate of $57.50. The record shows that appellant was without means to employ an attorney, and that the trial court appointed Hon. Homer C. DeWolfe to represent him.

The record further shows that appellant's wife testified on this trial under no circumstances would she live with him, nor would she permit him to take the children, which he had offered to do.

We do not think an indictment under the present law is required to allege that the minor children of the accused were in destitute and necessitous circumstances. This allegation formerly deemed necessary, seems no longer required in view of the changes in the law. The trial court told the jury they could not convict appellant for any offense committed by him prior to the date of his former conviction, which was proper. We are of opinion that the facts in the case relative to what transpired after appellant was convicted, and down to the time of his present trial, are wholly insufficient to show any wilful desertion on his part, or wilful failure on his part to provide for and support his minor children. From June to October would be practically four months, and if the only income this man had during that four months was as reflected by the record in this case, to-wit: $57.50, it would seem wholly impossible to reach a fair conclusion that his failure to provide for and support the children, was wilful. We do not need to analyze the facts further to make apparent the justice of this conclusion. The wife had the children, had the cows, had what household goods they formerly possessed, and if appellant could pay decent board for himself for four months and live upon $57.50, he would furnish a fine model for an interesting story on the solution of how to live cheaply.

Believing the facts not to justify the verdict, the judgment of the court is reversed and the cause remanded.

*Reversed and remanded.*