## JESS GLAZENER v. THE STATE.

No. 13866.    Delivered March 18, 1931.

The opinion states the case.

*C. L. South,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is willfully neglecting and refusing to provide for the support and maintenance of his minor children; the punishment, a fine of $100 and confinement in jail for thirty days.

Appellant was a tenant farmer and lived in the country. His wife lived in town, where she ran a boarding house. Three children of appellant and his wife lived with the mother. These children were under the age of sixteen years. On July 9, 1929, appellant's wife secured a divorce and was awarded the exclusive custody of the children. In the settlement of property rights the wife was awarded a voucher of insurance in the sum of two hundred fifty dollars, payable to her husband, and a sewing machine. Appellant received the balance of the community property, which consisted of some horses, cattle and farm implements. Appellant married again on the 19th day of September, 1929. Thereafter, on the 27th day of the same month the indictment herein was returned. After his wife had been awarded a divorce, appellant did not contribute to the support of his children. It was uncontroverted that during such time the property held by appellant was worth approximately three thousand dollars, and that it had long been mortgaged. Appellant owed nine thousand dollars. He had no money. The banks required him to pay the money he made on his indebtedness, only permitting him to retain about twenty dollars a month for his living expenses. Appellant testified that he could have managed to feed his children if he could have had them on the farm with him, and that he had at all times been willing to keep the children with him.

In order to support the allegation of willfulness in the failure to support, there must be some showing in the testimony that the accused is so situated that he can support his minor children. West v. State, 110 Texas Crim. Rep., 544, 9 S. W. (2d) 737. The burden is upon the State to show that failure to support is willful. O'Briant v. State, 113 Texas Crim. Rep., 327, 21 S. W. (2d) 520. In the case of Mercardo v. State, 86 Texas Crim. Rep., 559, 218 S. W., 491, Judge Lattimore, speaking for the court, defined the term "willful" as follows: "The term 'willful' has been often defined by our courts, and as applied to this statute we think means, not only with evil intent and malice, but that it also implies a set purpose and design."

We are of the opinion that the State failed to discharge the burden of showing that appellant's failure to support his children was willful.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.