### HOWELL M. HARDIN v. THE STATE.

No. 15957. Delivered June 21, 1933.
Reported in 61 S. W. (2d) 1002.

The opinion states the case.

Dan Doherty, of San Antonio, and Fred O. Jaye, of De Leon, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for wilfully refusing to support minor children; punishment assessed at a fine of $25.00.

Appellant separated from his wife in July, 1926, leaving with her their two small children. In November, 1929, appellant obtained a divorce from his wife. On the date of the present trial, appellant's children were under 16 years of age. From the time of his separation from his family until 1930, appellant contributed approximately $50.00 a year to the support of his children. In 1930 he gave his wife $350.00. In 1931 he contributed $350.00 to the support of the children. The indictment was returned March 2, 1932. On June 1, 1932, appellant sent his wife $29.18. The present trial was had December 15, 1932. The total amount contributed by appellant from June 1st until the date of the trial was $87.54. Appellant's wife, who testified for the state, said: "There was an agreement made as to what he was to pay. Mr. Hardin (appellant) has refused to help me support the children because he says he is not able to." We quote further from her testimony as follows: "One time I was approached

with reference to letting the children go up on the farm in Comanche County with the defendant; that he could provide for them there and give them plenty of food and a place to sleep. That was at the time when the children were down with the measles and I had an attorney write and ask him to help me, and he had his attorney write back and say that he was not able to send money but that he would be glad to take them and feed them, that he had lots of beans and turnips and stuff, but he refused to send any money. He said he had lots of beans and tomatoes up there and that he would take them and feed them. I would absolutely not let the defendant have the children now. * * * I wouldn't even consider, at the present time, letting the defendant have the children. Regardless of the defendant having a farm and being in a position to take care of them, I won't let him have the children."

Further, appellant's wife testified: "I have no income at all outside of my work. I am employed at the Manhattan Cafe (in San Antonio). They pay me a salary of five dollars a week and I average one and a half or maybe two dollars a day. I make approximately fifteen dollars a week. The children are with me now."

Over appellant's objection, the state proved by the assistant district attorney that he had a conversation with appellant's attorney after the indictment had been returned in which the attorney stated to him that appellant's brother owed appellant $350.00 and that appellant would put the money in a bank to be sent to San Antonio for the support of his children, payable in monthly installments. It appears that appellant was in the courtroom and not present at the time this conversation was had. It appears to have been conclusively shown that appellant could not have heard the conversation between the assistant district attorney and his attorney. The assistant district attorney did tell appellant later, according to his testimony, that, if he did not keep the agreement, he was going to bring him back and try him. It was not shown that he told appellant what his attorney had said, or that he explained to appellant the nature of the agreement.

Appellant's wife testified on her direct-examination that appellant owned a hundred acre farm in Comanche County and some stock. On her cross-examination she admitted that she had never seen the farm or stock, and that appellant had never told her that he owned them, and that she had

never examined the records to determine whether he owned the farm. The testimony touching this matter appears to have been based upon hearsay. The state brought no witnesses from Comanche County, or any other place, to show that appellant was financially able to contribute more than he had already contributed to the support of his children.

Appellant did not testify in his own behalf, and introduced no witnesses.

It appears that the only testimony tending to show that appellant might have been able to support his children in the city of San Antonio, where they lived with their mother, was purely hearsay. It went into the record over appellant's proper objection. It was of no cogency in establishing appellant's ability to contribute to his children's support. We deem the evidence insufficient to support the allegation of willfulness. In order to show that appellant's act was willful, it was incumbent upon the state to establish beyond a reasonable doubt that appellant was so situated that he could support his minor children, but would not. West v. State, 9 S. W. (2d) 737. The testimony coming from appellant's wife, who was a state's witness, was to the effect that appellant said that he could support the children if she would let him take them to the country with him. As far as the record discloses the matter, appellant could have done everything that was necessary to care for his children if he had had them in the country. As pointed out, the state failed to show that appellant had the financial ability to support his children in the city of San Antonio. Under the circumstances, it was not shown that there was a set purpose and design on the part of appellant to refuse and neglect to render support. In the case of Mercardo v. State, 218 S. W., 491, in defining the term "willful" as used in the statute under consideration, Judge Lattimore said: "The term 'willful' has been often defined by our courts, and as applied to this statute we think means not only with evil intent and malice, but it also implies a set purpose and design."

From what we have said, it follows that we are of the opinion that the evidence is insufficient to support the conviction.

The agreement testified to by the assistant district attorney was hearsay, and should not have been received in evidence.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.