GUY R. MOBLEY v. THE STATE.

No. 17721. Delivered November 13, 1935.

The opinion states the case.

*A. R. Stout* and *Russell F. Wolters,* both of Houston, and *Guy R. Mobley,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for wilfully neglecting and refusing to support a minor child under the age of sixteen years; punishment, two years confinement in the penitentiary.

Appellant's wife secured a divorce from him, and apparently was awarded the exclusive custody of her small child. After their separation, appellant failed to support the child. His ex-wife was a stenographer and was employed by the Federal Land Bank of Houston, her salary being approximately eighty dollars a month. The child alone was dependent upon her. Appellant was an attorney-at-law, but had been unable to build up a practice. According to his testimony and that of witnesses on his behalf, he had made unsuccessful attempts to se-

cure work. He had not made enough money to support himself, and lived in the home of his father and mother. He testified: "I am willing to work now if anybody will give me a job, any kind of a job. I will do manual labor. I have always been willing. I have tried my best to find work as a clerk." Again, he testified: "I have never had a fixed purpose to refuse or neglect to support the child. I have always intended to support him. My failure to support the child has not been due to any malicious intent or purpose, not in the least. My failure to support the child has not been because of a wilful intent on my part not to do so. I haven't had the money. I haven't been able to get the money to do it with."

The State introduced no evidence tending to show that appellant was able to support his child. In order to show that appellant's act was wilful, it was incumbent upon the State to establish beyond a reasonable doubt that he was so situated that he could support his minor child, but would not. Hardin v. State, 61 S. W. (2d) 1002, and authorities cited. We are constrained to hold that the evidence is insufficient.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.