## MOORE v. MOORE.

### No. 3674.

Court of Civil Appeals of Texas. Beaumont.

May 23, 1940.

Ed. Arnold, of Houston, and Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

Alvin H. Lane and Wallace H. Savage, both of Dallas, for appellee.

WALKER, Chief Justice.

This was an action by appellee, Maurine Moore, against appellant, Clifton F. Moore, to recover the sum of $2,332. The appeal was prosecuted by appellant to the Dallas Court of Civil Appeals, from the judgment of the lower court overruling his plea of privilege to be sued in Harris county. The

case is on our docket by order of transfer by the Supreme Court.

The issues on the plea of privilege were tried to the court without a jury on the following facts, constituting the entire statement of facts: "Mr. Lane: This is a suit by Mrs. Maurine Moore against her former husband Clifton F. Moore, and it is agreed that Mrs. Moore, if personally present, would testify and her testimony would be uncontradicted that prior to 1932 she and Mr. Clifton F. Moore were man and wife and that they had a baby daughter who was then about four years old; that they had been living in Houston during their married life and she moved to Dallas about a year before her divorce. Mr. Moore was making about $350.00 and expenses at that time, and in the divorce decree she was awarded the custody of the child, but the statute made no provision for maintenance and support by him as a part of the divorce proceedings, so nothing was done in the divorce proceeding about that. The daughter is now about eleven years of age and for the past three or four years has been sick a great deal and has had a special diet and special medical attention, and the expense of her necessaries of support have averaged around $65.00 or $70.00 a month. At the time of the divorce Mr. Moore agreed that he would give $25.00 a month for the support of the child and he has done that right along, but it is wholly inadequate for her support at this time, and I made demand upon him as Mrs. Moore's attorney several months ago that he increase that allowance, which he refused to do. Mrs. Moore is employed and makes $65.00 a month. That is her total income, except what she can get through renting a house with her mother and managing some income through renting the property out. Mr. Moore's present income is $250.00 a month and expenses. Mr. Moore has married again and has a wife and stepson, I believe in high school."

For cause of action, appellee plead her marriage to appellant, the divorce, the birth to them of the daughter named in the statement of facts, that no decree for the support of the child was entered in the divorce proceedings, and the other facts reflected by the record as to the expenses incurred by her in the support of this child, together with the facts upon which she relied to fix liability against him, and his refusal to make any contribution beyond the $25 per month. Her prayer was as follows: "Wherefore, plaintiff prays that defendant be cited to appear and answer herein, and that on final hearing, plaintiff have judgment against defendant in the sum of $2,332.00, together with interest, court costs, and such other and further relief, both general and special, at law and in equity, to which she may show herself justly entitled."

Appellant answered by the statutory plea of privilege, to be sued in Harris County.

By her controverting affidavit, appellee claimed venue in Dallas county, where she and her daughter lived, on allegations that appellant, in failing and refusing to make additional contributions to her for the support of their minor daughter, had committed the offense in Dallas county, as defined by Article 602 of Vernon's Annotated Penal Code: "Desertion of wife or child.— Any husband who shall willfully desert, neglect, or refuse to provide for the support and maintenance of his wife who may be in necessitous circumstances, or any parent who shall willfully desert, neglect or refuse to provide for the support and maintenance of his or her child or children under sixteen years of age, shall be confined in the penitentiary for not more than two years, or be confined in jail for not more than six months, or fined not less than Twenty-five ($25.00) Dollars nor more than Five Hundred ($500.00) Dollars, or be punished by both such fine and imprisonment in jail."

Appellee invoked Section 9 of Article 1995: "Crime of trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

■ Without determining the issue whether appellee could maintain her venue in Dallas county on the violation by appellant of Article 602, it is our conclusion, on the evidence brought forward in the statement of facts, that she failed to prove beyond a reasonable doubt the essential elements of the offense therein defined. The term "wilful," as used in Article 602, was defined as follows by the Court of Criminal Appeals in Glazener v. State, 117 Tex.Cr.R. 605, 36 S.W.2d 752, 753: "The burden is upon the state to show that failure to support is willful. O'Briant v. State, 113 Tex.Cr.R. 327, 21 S.W.2d 520. In the case of Mercardo v. State, 86 Tex.Cr.R.

559, 218 S.W. 491, 492, 8 A.L.R. 1312, Judge Lattimore, speaking for the court, defined the term 'willful' as follows: 'The term "willful" has been often defined by our courts, and as applied to this statute we think means not only with evil intent and malice, but that it also implies a set purpose and design.'"

In order to convict a defendant of the offense defined in Article 602, the Court of Criminals Appeals said in Hardin v. State, 124 Tex.Cr.R. 237, 61 S.W.2d 1002, 1003: "In order to show that appellant's act was willful, it was incumbent upon the state to establish beyond a reasonable doubt that appellant was so situated that he could support his minor children, but would not. West v. State, 110 Tex.Cr.R. 544, 9 S.W. 2d 737."

At the time appellee and appellant were divorced, appellant was making about $350 per month and expenses, and appellee agreed with him that $25 per month was a reasonable contribution by him for the support of their child. He faithfully kept that engagement from the date of the divorce until this suit was tried. There was no proof as to appellee's income and assets at the time the divorce was granted, but when this case was tried, as an employee, she was making $65 per month; she made an additional income by "renting the house with her mother" and "by managing some income through renting the property out." There was no proof as to the amount of this additional income. On the other hand, when the divorce was granted, appellant was making $350 per month, but at the time of the trial he was making only $250 per month. When the divorce was granted, as a single man, on the record, he had only himself to support, and appellee accepted the $25 from him as a reasonable contribution. But at the time of the trial appellant was a married man, with a stepson in school. On the facts before us, we cannot give our consent to the conclusion that appellee established "beyond a reasonable doubt," that appellant, in refusing to make the additional contribution demanded by her, had "willfully" refused "to provide for the support" of his child.

We express no opinion as to the merits of appellee's civil action against appellant for contribution to the support of their minor daughter. We simply hold that the evidence failed to establish her right to maintain this action in Dallas county.

It follows that the judgment of the lower court overruling the plea of privilege must be reversed, and the cause remanded, with instructions to the lower court to transfer the case to the district court of Harris county.

Reversed and remanded, with instructions.