## VIVIAN CARDONA V. STATE

No. 27,203.  December 1, 1954

*Clyde Vinson,* San Angelo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense for which appellant stands convicted is the wilful neglect and refusal to provide for the support of his three children, each under the age of sixteen years. The punishment was assessed at thirty days' confinement in jail.

The indictment substantially followed that set out in Willson's Criminal Form #277. It was not necessary that the indictment allege that the children were in destitute and necessitous circumstances. Lawson v. State, 114 Texas Cr. R. 145, 25 S.W. 2d 843.

The offense was alleged to have been committed on or about March 1, 1954. The indictment was filed April 27, 1954.

The state was authorized thereunder to convict upon facts showing the wilful neglect and refusal on the part of the appellant to support his three children at any time prior to the last date above mentioned and within the period of limitation.

Wilfulness being an essential element of the offense, the state was required to show, among other things, that the neglect and failure to support was intentional and with set purpose and design. Proof, merely, of the failure to support is not sufficient. Glazener v. State, 117 Texas Cr. R. 605, 36 S.W. 2d 752. If a parent is unable to support his children, his failure to do so cannot be said to be wilful. Otto v. State, 98 Texas Cr. R. 549, 266 S.W. 787; O'Briant v. State, 113 Texas Cr. R. 327, 21 S.W. 2d 520.

It is under the rules of law stated that appellant insists that the facts are insufficient to support the conviction—that is, that there is no sufficient evidence to show wilfulness or that he was able to support his children.

Appellant and his wife were separated in September prior to the date of the alleged offense.

The wife testified that from the time of their separation until the time of trial appellant had contributed to her approximately $110 for the support of their children. Witness made no effort to testify that appellant had or had not been employed or what his income was or as to his physical condition during the period mentioned.

By the married sister of appellant, the state sought to supply that proof. However, the testimony of the witness falls far short of doing so, for she was unable to testify as to appellant's steady employment or the amount of money he had earned or received during such time. On the contrary, she testified that about three months prior to the time of trial appellant was sick and that from the middle of December through January the company by which appellant was employed closed down.

From the testimony of this witness, as well as the state's case as a whole, it cannot be reasonably said that the amount which appellant contributed to the support of his children during the period of time mentioned was not commensurate with his earnings over the same period of time. Nor is there proof that his failure to contribute to the support of his children was the result of his wilful and deliberate refusal to work or obtain employment.

In order to here convict, there must be some testimony that the accused was so situated that he could have contributed more

to the support of his children than he did. Glazener v. State, supra.

We cannot bring ourselves to the conclusion that the state's proof meets the requirements of the law and that it is sufficient to support the conviction.

Accordingly, the judgment is reversed and the cause is remanded.

Opinion approved by the court.