E. F. MARSHALL v. STATE.

No. 30,029. October 29, 1958.

*Webb, Schulz & Stokes,* by *James F, Gruben,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant appeals from a conviction assessing a punishment of one year in the penitentiary for deserting, neglecting, and refusing to provide for the support of his four children, each under the age of sixteen years.

The allegation of desertion in the indictment was abandoned and appellant's guilt under the charge of the court was made to depend alone upon his wilful failure to provide for the support and maintenance of his children.

Upon such circumstances, the burden was upon the state to prove that appellant was financially able to support and provide for the maintenance of his children and wilfully refused to do so. Glazener v. State, 117 Texas Cr. Rep. 605, 36 S.W. 2d 752, Hardin v. State, 124 Texas Cr. Rep. 237, 61 S.W. 2d 1002; Mobley v. State, 129 Texas Cr. Rep. 379, 87 S.W. 2d 740; Cardona v. State, 160 Texas Cr. Rep. 541, 273 S.W. 2d 73.

The trial court instructed the jury that in arriving at a verdict they could consider "any support or non support since June 27, 1957 and prior to April 29, 1958." Consequently, under that instruction the jury were permitted to take any day or period of time within that ten-month period and say that on that date appellant wilfully failed to support his children.

We have no way of determining, here, what date the jury fixed upon which they based the verdict, as a general verdict was returned.

Only one witness testified in the case. This was the wife of the appellant and mother of the children. From her testimony covering the period of time mentioned, it is shown that during the month of July, 1957, appellant was in jail in the State of Oklahoma and that he sent his wife $25 that month, while she was in the State of Arkansas; that appellant went to the State of Arkansas and brought his wife and children back to Abilene and supported them for two weeks, during which time he bought groceries and paid house rent for them.

On July 7, 1957, appellant wrote his wife stating that he had worked fifteen days and had received for his labors $232.80 and of that amount had to pay $65 as down payment on an automobile in replacement of the one he had wrecked. Subsequent to that letter and late in the month of July, 1957, appellant and his wife lived together.

During the month of September he gave his wife two or three dollars; during the month of November he gave her twenty or thirty dollars; and during the month of December, 1957, he contributed four dollars for Christmas and bought a change of clothing for their baby and returned some money to his wife which he had borrowed from her and gave her four dollars in addition.

The December contributions were the last he made. There is no evidence in the record of any contributions made during the year 1958 to the support of the children.

There is not a line of testimony from any witness that, during the period of time covered, appellant earned any money other than what he gave to his wife and children or that he was financially able to contribute more than he did to his children's support.

For aught this record shows, appellant could have been confined in jail during the months mentioned, as he had been at one time, or he could have been in a hospital or entirely physically unable to work or earn a livelihood.

It was by reason of such fact situations that could or might arise that the legislature required that for a parent to be guilty of refusing to support his children the state must show that his refusal was wilful, intentional, and deliberate—which of necessity means and contemplates that the state must show that he had the ability to support them. Proof, merely, that the parent has not contributed to the support of his children by no means authorizes the conclusion that such non-support was wilful and intentional.

We are not here dealing with a question of appellant's desertion or neglect of his children. The sole and only question here is that of wilful failure to support them.

To affirm the conviction under the facts here presented, this

court would not only have to overrule the authorities heretofore cited which hold that the state must prove the accused financially able to support his children but we would also have to ignore and refuse to follow and apply the statute upon the subject which makes mandatory the proof of wilfulness before a conviction could be had thereunder. Art. 602, Vernon's P.C.

We are not unmindful of the moral obligation resting upon a parent to support his children. It is this obligation that makes it difficult to accord to a father charged with refusing to support his children that which the law gives to him. When the state prosecutes a father for such offense, it is for a violation of a written law of this state; it is not for a violation of a moral obligation or duty to support his children.

The state must prove the accused guilty of a violation of the written law. It is the duty of the courts to require that the state make such proof.

This the state has not done, here.

The judgment is reversed and the cause is remanded.

WOODLEY, Judge, dissenting.

There is evidence in this record to sustain a finding that appellant had earning capacity and, before landing in jail in Oklahoma, worked fifteen days for which he received $15.52 a day; that he had $146.81 when he was placed in jail after paying $65 down on an automobile.

In the same letter in which he admitted having this $146.81 he wrote his wife regarding support for the children. Referring to a communication from his father-in-law, appellant said in his letter: "He said I would not see you or the kids, and if I didn't want to get sued, to be damn sure and keep up on my support. Well, you tell him I said go straight to hell. When you get the kids away from there I'll start paying support and not before and it won't be paid by the month like he said, it will be paid by the week."

Having so stated his purpose and intent, appellant, after returning the family to Abilene and living with his wife for about two weeks, left them, and thereafter in the period from September 1, 1957, to April 29, 1958, when the indictment was

returned, contributed for the support and maintenance of his wife and four children a total of thirty-seven dollars, the last contribution being $4 in December 1957, at which time he also bought the baby some clothes.

Mrs. Marshall testified that appellant remained in Abilene for about two months after leaving the family; that he worked some at Kermit and she believed at Odessa; that while working at these places he sent no money to support his wife and children; that she saw him occasionally from June through the year 1957; saw him once or twice in January or February; that he said he had been hurt but he was not hurt bad enough to keep him from working.

Mrs. Marshall further testified that at the time of the trial she and the children were living in a practically unfurnished tenant house, using only furniture that different friends and relatives contributed — "whatever they weren't using."

The offense of which appellant stands convicted is committed not by an overt act, but by omission or neglect. It is said to be a continuing offense because it continues so long as the neglect continues without excuse. Ex parte Beeth, 142 Texas Cr. Rep. 511, 154 S.W. 2d 484; Ex parte Logan, 151 Texas Cr. Rep. 129, 205 S.W. 2d 994; Ex parte Barrow, 152 Texas Cr. Rep. 155, 211 S.W. 2d 753.

Evidence that the father was able to contribute more to the support of his minor children than he did has been held sufficient to show that the neglect and failure was wilful. Rainwater v. State, 140 Texas Cr. Rep. 88, 141 S.W. 2d 364.

This was recognized as correct in Cardona v. State, 160 Texas Cr. Rep. 541, 273 S.W. 2d 73, cited by the majority, where the evidence was held insufficient. We said: "In order to here convict, there must be some testimony that the accused was so situated that he could have contributed more to the support of his children than he did."

The evidence should be held sufficient to sustain a finding that appellant could have contributed more to the support of his children than he did, and that his failure to do so was wilful.