## James R. Adams v. State

No. 34,933.   November 14, 1962

*W. D. Hollars,* Plainview, for appellant.

*Steve Hurt,* County Attorney, Plainview, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

Appellant was tried by a jury in the county court of Hale County upon an information for the offense of wilfully deserting, neglecting, or refusing to provide for the support of his minor children under the age of eighteen years; his punishment was assessed at confinement for one year in the county jail.

The state's evidence reflects, from an agreed statement of facts in narrative form, that appellant was married to his wife

three different times and that at the time in question, April 4, 1962, she was still married to him. The state's entire testimony was adduced from the wife, Patricia Adams, who testified that three children were born of the marriage and that she and her husband separated on November 25, 1961, because of his mistreatment of her. Mrs. Adams further testified that appellant spent all of his income on liquor and failed to properly support her and the children; that she lived with her parents in Hale County from the time of the separation until the time of the trial and that during that period of more than four months appellant contributed a total of $45 toward the support of his children. She further testified that during the time that she and appellant lived together he worked as a concrete worker, earning from $75 to $100 per week; that since the separation she had worked as a carhop at a drive-in but was unable to support herself and her children on her earnings.

At the close of Mrs. Adams' testimony the state rested its case.

The appellant was not represented by counsel, offered no testimony, and both sides closed.

In his motion for a new trial appellant contends that the evidence was insufficient to support the conviction because it did not show that he was financially able to support and provide for the maintenance of his children; that he wilfully refused to do so and that he had the ability to do so.

Appellant's counsel on appeal has filed a brief and urged the above contentions and additionally urges that the evidence does not show that appellant earned any money other than what he gave his wife and children during the time of separation, or that he was financially able to contribute more than he did to the support of his children.

We think that evidence that the father was able to contribute more to the support of his minor children than he did is a requisite that must be shown in order for the evidence to be sufficient to show that the neglect and failure were wilful. I call attention to the unbroken line of decisions from this court beginning with Prock v. State, 92 Texas Cr. Rep. 494, 244 S.W. 601 (1922). Glazener v. State, 117 Texas Cr. Rep. 605, 36 S.W. 2d 752; Rainwater v. State, 140 Texas Cr. Rep. 88, 141 S.W. 2d 364.

We further recognize that Cardona v. State, 160 Texas Cr. Rep. 541, 273 S.W. 2d 73, is correct, where the evidence was held insufficient. We said:

"In order to here convict, there must be some testimony that the accused was so situated that he could have contributed more to the support of his children than he did."

We do not think that the evidence in the instant case shows that the accused was financially able to support his children beyond the contributions that he did make. We are mindful of the moral obligation of a parent to support his children. This obligation makes it difficult to accord to a father charged with refusing to support his children the rights given to him by the law, and yet when the father is prosecuted by the state it is for a violation of the written law and not for a violation of the moral obligation or duty to support his children.

Finding the evidence insufficient to support the verdict the judgment is reversed and the cause is remanded.

WOODLEY, Presiding Judge, concurring.

The complaint was filed 43 days after appellant and his wife separated. The second child alleged to have been neglected is not mentioned or referred to in any way in the statement of facts. There is no evidence to support a finding that appellant was financially able to contribute more than the $45 he did contribute to the support of his two year old child Jamie Lee Adams.

The state relies upon that portion of Art. 605 P.C. which provides: "Proof of the desertion of such wife, child or children in destitute or necessitous circumstances or of neglect or refusal to provide for the support and maintenance of such wife, child or children shall be prima facie evidence that such desertion, neglect, or refusal is wilful."

Where the state proves that the wife, child or children were in destitute or necessitous circumstances, and that the defendant parent deserted or neglected or refused to provide any means for their support and maintenance, the prima facie evidence rule found in Art. 605 P.C. applies and relieves the state of the necessity of further proof that such desertion, neglect or refusal to provide was wilful (such as by proof of the defendant's financial resources or earnings).

Such prima facie evidence rule does not apply however where, as here, the evidence shows that the defendant parent, charged with wilfully failing to contribute to the support of his child under 18 years of age, did contribute to the support of such child, and the prosecution is upon the theory that he was able to and should have contributed more than he did.