Earl MONTGOMERY, Appellant,

v.

The STATE of Texas, Appellee.

No. 36618.

Court of Criminal Appeals of Texas.

April 1, 1964.

Sentell & Sentell, by Marvin F. Sentell, Snyder, for appellant.

George R. Killam, Jr., County Atty., Snyder, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellant was convicted for willfully neglecting and refusing to provide for the support of his child under eighteen years of age; the punishment, eighteen months in jail.

The offense was alleged to have been committed on or about August 24, 1962. The information was filed August 25, 1962.

The statement of facts is in narrative form. There are no formal bills of exception.

Rumell Montgomery testified that she and the appellant were married in 1954; that one child, Vance Lloyd Montgomery, was born of their marriage in 1955; and that they were divorced in December, 1960. The child was awarded to the custody of the mother, and the father was ordered to pay child support, but the record does not disclose the amount he was ordered to pay. She further testified that appellant, age 55, was a good welder and blacksmith, that within her knowledge he was in good health and capable of earning $100 per week and had worked in at least two blacksmith shops; that the only money she received for child support from appellant was paid through the office of the district clerk and that money contributions

from the appellant were necessary for the support and maintenance of the child. She also testified that she had been employed in a drug store for about three years and her take home pay was approximately $36 per week, and that she had no other income.

The records of the district clerk reveal that from August, 1960, to May 9, 1962, the appellant paid a total of $228 for child support. According to said records no payments were made after May 9, 1962, to August 24, 1962.

Judge Sterling Williams, District Judge, testified that he granted the divorce to Rumell and Earl Montgomery, and thereafter had several hearings on the nonpayment of child support by the appellant. At one of the hearings the appellant told Judge Williams "I will not pay child support," and that he would go to jail first, for which he was held in contempt of court and placed in jail on December 19, 1961. On January 3, 1962, appellant was released from jail with the understanding that he would commence child support payments.

The appellant did not testify but offered two witnesses who testified that Vance Montgomery currently was doing fairly well in school.

Although Mrs. Montgomery testified that the appellant was a good welder and was in good health as far as she knew, and capable of making $100 per week, and had worked in two blacksmith shops, the record is barren of any evidence showing when he worked in the shops, the length of time employed, or of any money he received from work in the shops.

The evidence fails to show any period of time that the appellant was ever employed, that he had received any money, or that he had any income or assets, other than the money he contributed by payments to the district clerk. There is no showing that the money he paid was not commensurate with his ability to pay, or that after

such payments he had any ability to pay; and there is no affirmative evidence of his physical condition during the period here involved.

■ Notwithstanding the duty and moral obligation of a father to support his minor child, the conviction for the criminal offense herein cannot stand, unless the evidence is sufficient to show beyond a reasonable doubt that the failure to support was wilful. Cardona v. State, 160 Tex. Cr.R. 541, 273 S.W.2d 73; Marshall v. State, 166 Tex.Cr.R. 601, 317 S.W.2d 209.

■ Finding the evidence insufficient to support the conviction, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.

WOODLEY, Presiding Judge (dissenting).

Vance Lloyd Montgomery, the child named in the complaint and information, was eight years of age. The mother testified that in December 1960 she was awarded full custody of the child and Earl Montgomery was ordered to pay child support. She testified that the defendant *was a good welder and blacksmith* and was *in good health as far as she knew,* and *was capable of making $100.00 per week*; that all of the money she received for child support came through the office of the District Clerk of Scurry County, Texas. She testified that the *defendant had worked for Merritt's Blacksmith Shop and C. T. Webb's Blacksmith Shop and possibly others.* She testified that there had been several hearings before the District Judge in regard to the nonpayment of child support by the defendant.

District Judge Sterling Williams was called as a witness for the state and testified that he granted a divorce and awarded custody of the child to the mother and ordered the defendant (the appellant herein) to pay child support; that he had several hearings in regard to his nonsupport; that at a hearing on December 19, 1961, the appellant told him: "I will not pay child support" and said "he would go to jail first"; that he held appellant in contempt and ordered him to jail; that he was released from jail on January 3, 1962, without having purged himself by making child support payments of $10 per week, with the understanding that he was to commence child support payments in three weeks.

On cross-examination, the appellant asked Judge Williams: "Are you testifying here as a judge or a witness?" Judge Williams having answered that he was testifying as a witness, the appellant then asked: "Are you as big a liar here as you are in your office?" The question was not answered and there was no further cross-examination after the bailiff separated them and the trial judge instructed the jury to disregard the disturbance.

The appellant, who chose to represent himself but not to testify under oath in his own behalf and submit himself to cross-examination, told the jury by way of argument that his reason for not paying child support was because "he was always coming up to the District Court for hearings and he was losing jobs as a result of this."

The undisputed evidence shows that the appellant *contributed nothing* to the support of his 8 year old son for three and a half months before the complaint was filed. The reason he gave would not excuse his failure to contribute anything for the support of his son for three and a half months. He stated in December that he would not pay child support—would go to jail first. He went to jail and for a time thereafter made contributions for the child's support.

Appellant made no complaint as to the amount he was ordered to pay but said: "I will not pay child support." He made no claim before the jury that he was not financially able to make any contribution to his child's support. Even in cross-examining the child's mother, the only

question he asked which might even suggest that he was not able related to his being in the hospital "in the fall of 1962," which was after the complaint had been filed, and she answered that she did not know.

The evidence, viewed in the light most favorable to the state, is sufficient to sustain the jury's finding that the appellant's failure to support his son was wilful and the judgment should be affirmed.