**Deanna Sharon STEED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44086.**

Court of Criminal Appeals of Texas.

July 28, 1971.

George R. Milner, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schilz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

The record reflects that on April 28, 1967, the appellant was found guilty in a trial before the court of the felony offense of possession of marihuana. The punishment was assessed at ten years. The imposition of the sentence was suspended and the appellant placed on probation for ten years subject to certain conditions of probation.

Among the conditions of probation were the following:

"(c) Avoid persons or places of disreputable or harmful character;

"(f) Work faithfully at suitable employment as far as possible;

"(i) Support your dependents."

On September 19, 1969, a motion to revoke probation was filed alleging that the appellant had violated the above conditions of her probation.

After a hearing on November 6, 1969, the trial court revoked probation, the order stating in part:

"[T]he Court is of the opinion that the Defendant Deanna Sharon Steed, violated the terms and conditions of his (sic) probation in this respect: Violation of Condition (c) to-wit: Avoid persons or places of Disreputable or harmful character; (f) Work faithfully at suitable employment as far as possible; (i) Support your dependents."

Sentence was then pronounced and notice of appeal given.

The appellant contends the trial court abused its discretion since the evidence is insufficient to support the order of revocation.

■ The evidence reflects that the appellant was arrested at 1:30 a.m. on September 19, 1969, because of loud mufflers on her automobile and suspicious activity in the car late at night. She was accompanied by three males, one of whom, Bobby Clyde Baker, was shown to have a prior criminal record. The appellant denied knowledge of his record and the evidence shows only one other occasion when the appellant was in the company of Bobby Clyde Baker. Merely being twice in the presence of a person with a police record where no knowledge of that record is shown will not support revocation of probation for failure to avoid persons of disreputable or harmful character. See Jackson v. State, Tex.Cr.App., 464 S.W.2d 153.

The evidence reflects that appellant's probation officer had no knowledge of any gainful employment by her since her probation began in 1967. Other evidence shows two periods when appellant was employed, one period in which appellant was hospitalized and unable to work, and other evidence of periodic illness. No evidence appears to show that appellant was able to work and failed to do so. The evidence is insufficient to support revocation of probation for failure to work faithfully at suitable employment as far as possible.

■ The final ground for revocation is the alleged failure of appellant to support her dependents. Proof of failure to make child support payments is sufficient cause for revocation of probation. Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566. The revocation order is based on the alleged failure to support two of appellant's children placed with the Dallas County Child Welfare Department. Janet Martin, supervisor with this department, testified that the two children were placed with it on January 29, 1969. She further testified that department records show no support payments made by the appellant, but that none were required and no support payment was ever entered by the court.

Appellant's stepfather testified that appellant entered the hospital with hepatitis and left the children with him and her mother. He later took the children to the welfare department over appellant's objections and appellant made repeated unsuccessful efforts to contact the welfare department and get the children back.

The appellant testified that she wanted her children back, tried to get them back from the welfare department, and had a pending suit in juvenile court for their return.

The State has shown no ability on the part of the appellant to support her two children since they were given to the wel-

fare department nor that any failure was willful. Cardona v. State, 160 Tex.Cr.R. 541, 273 S.W.2d 73, held that in order to convict, there must be a willful failure to support children and that proof merely of failure to support is not sufficient. If a parent is unable to provide such support failure to do so cannot be willful. We hold the evidence insufficient to show a willful failure to support the children.

 Viewing the evidence in the light most favorable to the State we find it insufficient to support any of the alleged violations of the conditions of probation. We hold the court abused its discretion in revoking probation.

The order of revocation is reversed and the cause is remanded.

ODOM, J., not participating.