**Jimmy POOL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44159.**

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

William B. Smith, Midland, for appellant.

James A. Mashburn, Dist. Atty., and Jerry Buckner, Asst. Dist. Atty., Midland, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

The sole ground of revocation is "(1) Defendant failed to support his minor children."

The State adduced no evidence of appellant's ability to contribute. In Steed v. State, 467 S.W.2d 460 (Tex.Cr.App. 1971), we reversed because "The State [had] shown no ability on the part of the appellant to support her two children since they were given to the welfare department nor that any failure was willful." Proof merely of the failure to support is not sufficient; it must be shown that the accused could have contributed more to the support of his children and that his failure to do so was willful. Steed v. State, *supra*; Cardona v. State, 160 Tex.Cr.R. 541, 273 S.W.2d 73 (1954). *See* Hall v. State, 452 S.W.2d 490 (Tex.Cr.App.1970); Hardison v. State, 450 S.W.2d 638 (Tex.Cr.App. 1970). The record reflects that in the matter before us the trial court found appellant indigent on three occasions.

Appellant testified that he had made only $600.00 in the past year (while on probation) and that he had given $100.00 of this to his former wife for the support of his minor children. He testified that he was learning to lay carpet and that was all the work he could get; that he lived at home with his mother and father.

The State introduced no evidence to refute appellant's testimony.

We hold that the Court abused his discretion in revoking probation.

The order of revocation is reversed and the cause is remanded.

ROBERTS, J., not participating.