**BUDGET RENT–A–CAR CONROE/WOODLANDS, Appellant,**

v.

**Brenda HOGUE, Appellee.**

**No. 09–02–502 CV.**

Court of Appeals of Texas, Beaumont.

Submitted March 31, 2003.

Decided April 10, 2003.

---

William T. Green III, William T. Green, III, P.C., Houston, for appellant.

Kenna M. Seiler, Hope & Causey, P.C., Conroe, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Budget Rent–A–Car Conroe/Woodlands ("Budget") sued Brenda Hogue for breach of contract and negligence after she flooded a rented limousine. Hogue moved for summary judgment on the grounds that Budget waived Hogue's responsibility for any loss or damage to the vehicle because she purchased the loss damage waiver in the rental agreement. The trial court granted summary judgment and Budget appealed.

The sole issue on appeal is whether the trial court erred in granting summary judgment. Summary judgment is proper if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). The movant has the burden, evidence favorable to the non-movant must be taken as true, and every reasonable inference must be indulged in favor of the non-movant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ Budget argues there was a fact issue as to whether the acts of Hogue were negligent or constituted willful misconduct. The contract terms are not in dispute, and include the following terms: "RENTER MAY AVOID THIS RESPONSIBILITY [for all loss or damage to the vehicle] BY PURCHASING A LOSS DAMAGE WAIVER ("LDW") FOR PASSENGER VEHICLES. If Renter buys LDW and there is no violation of a Use Restriction (paragraph 3, *A. through H. only*), Budget waives Renter's responsibility for any loss or damage as described above." Budget contends there is a fact issue as to whether Hogue violated Use Restriction "E.", which stated the vehicle will not be operated by someone "Who, intentionally or as a result of willful or wanton misconduct, damages the Vehicle."

■ Three affidavits and one statement appear in the record. Brenda Hogue's affidavit includes the conclusory statement, "The damage to the vehicle was not caused by intentional or as a result of willful or

wanton misconduct." The driver, Carroll Wayne Hurst, swore "I was driving the vehicle at the time of the damage. It was dark. We were following another vehicle. We had no idea the road was flooded. The car in front of us made it through but we did not. I did not intentionally drive through water or intentionally damage the vehicle." The affidavit of Rhowan Collins, Budget's Chief Financial Officer, states:

> On the day after the incident that is the subject of this suit, Brenda Hogue told me that the limousine (the "Vehicle") rented by her and that is the subject of this suit was driven into high water. She told me that she was on the street that runs beside Carrabba's Italian Grill and saw high water on the road. Ms. Hogue told me the Vehicle was stopped in front of the high water and was waiting for the water to recede. Ms. Hogue told me that another vehicle then went through the water apparently without a problem. Ms. Hogue then said they decided to try to drive the Vehicle through the water and quickly stalled and the Vehicle had to be towed away.

> Ms. Hogue provided me with a written statement in her own handwriting, a true and correct copy of which is attached hereto as Exhibit "A".

The statement attached to Collins's affidavit varies from the statements attributed to her in Collins's affidavit. Hogue's written statement states that there was no water on the road when they passed through to pick up her sister-in-law, that they immediately headed back to the apartments and it started to rain, "We were on the same street by Carrabbas when we notice[d] we were going through water. We were surprised that the water was starting to rise. We were soon stalled and the water started rising even higher."

Budget contractually waived its claims unless it proves at trial that a person drove the car "who, intentionally or as a result of willful or wanton misconduct, damage[d] the Vehicle."

In this contract, the word "intentionally" modifies the word "damages." Thus, the use restriction applies if the actor carried the specific intent to damage the vehicle. It cannot be inferred from the statements in Collins's affidavit that either Hogue or Hurst drove onto the water-covered portion of the road with the specific intent to damage the vehicle.

The litigants do not refer to any contractual definition of what constitutes willful or wanton misconduct, the second waiver exception. Hogue cites cases that describe "willful" conduct in terms of intent or purpose of design. *See Geders v. Aircraft Engine and Accessory Co., Inc.,* 599 S.W.2d 646, 650 (Tex.Civ.App.-Dallas 1980, no writ) (award of exemplary damages for willful conversion); *Moore v. Moore,* 142 S.W.2d 270, 272 (Tex.Civ.App.-Beaumont 1940, no writ) (desertion statute). The cases cited by Hogue describe "wanton" conduct in terms of consciousness of the likelihood that injury will result from the conduct. *See Brown v. Lundell,* 334 S.W.2d 616, 620 (Tex.Civ.App.-Amarillo 1960), *affirmed,* 162 Tex. 84, 344 S.W.2d 863 (1961) (pollution of water supply by oil and gas operation); *McMillian v. Sims,* 112 S.W.2d 793, 796 (Tex.Civ.App.-Galveston 1937, writ dism'd by agr.) (automobile guest statute exclusion). In the context of automobile liability policy guest statutes, one insurance treatise distinguishes a "wilful" act, which implies an intention to cause injury, from a "wanton" act, which implies a failure to exercise any care for the safety of those to whom a duty is owed. 6B JOHN A. APPLEMAN, INSURANCE LAW AND PRACTICE (Buckley ed.) § 4312, at 325–27 (1979).

Budget contends summary judgment is precluded because Collins's affidavit estab-

lishes the existence of a disputed fact issue "whether Hogue wantonly and willfully drove the vehicle into the high water." That affidavit attributes to Hogue statements indicating that she was aware there was water on the road, that they initially stopped the vehicle with the intention of waiting until the water subsided, but they changed their minds after observing another car *successfully* navigate the passage. This scenario does not describe either an expectation that damage would occur nor a conscious disregard of peril likely to occur. The summary judgment evidence does not raise a fact issue of a violation of the use restriction. Because the contract waived Brenda Hogue's liability for loss or damage to the vehicle, she is entitled to judgment as a matter of law. The trial court did not err in granting summary judgment. The issue is overruled, and the judgment is affirmed.

AFFIRMED.