## E. A. SWEENEY V. THE STATE.

No. 8564.   Delivered February 10, 1926.

Rehearing denied March 17, 1926.

### 1.—Robbery—Practice in Trial Court—Held Proper.

Where, on a trial for robbery under an indictment charging in the same count robbery by assault, and with the use of firearms the state announced, and the court noted on his docket that appellant would be prosecuted for robbery by assault, and that that portion of the charge referring to firearms, would be abandoned, this procedure was proper practice. Following Gonzales v. State, 88 Tex. Crim. Rep. 250, and other cases cited.

### 2.—Same—Evidence—Properly Admitted.

Where, on a trial for robbery by assault, evidence that a pistol was used to effect the robbery was properly admitted, this fact being so inter-related to the facts showing the robbery as to make it impossible to segregate it from the evidence of the transaction, and being a part of the transaction. Following Campbell v. State, 57 S. W. 100, and other cases cited.

### 3.—Same—Evidence—Res Gestae—Properly Admitted.

The acts and conduct of the injured party which occurred a very short time after his release from the duress under which he was held by appellant while being robbed, was admissible as res gestae of the robbery. The facts being entirely sufficient to support the verdict, the judgment is affirmed.

#### ON REHEARING.

### 4.—Same —Practice on Appeal—Motion for Rehearing.

Where a motion for rehearing is presented in this court by the appellant, which does not point out any erroneous conclusions either of law or fact in the original opinion, nor cite any additional authorities under any proposition presented by appellant and no error appearing in the original opinion, the motion will be overruled.

Appeal from the District Court of Galveston County.   Tried below before the Hon. Robt. G. Street, Judge.

Appeal from a conviction of robbery, penalty five years in the penitentiary.

The opinion states the case.

*Elmo  Johnson,  Roy  Johnson,  Marsene  Johnson,  Jr.* and *Chas. L. Black* of Austin, for appellant.

· C. H. Theobold, County Attorney; F. Spencer Stubbs, Geo. P. Pendergast, Tom. Garrard, State's Attorney, and Grover C. Morris, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is robbery and the punishment is five years in the penitentiary.

In the same count in the indictment the appellant was charged with robbery by assault and with the use of firearms. When the case was called for trial the State announced and the court noted on his docket that the appellant would only be prosecuted for robbery by assault and that that portion of the charges referring to fire arms would be abandoned. This practice is permissible. Gonzales v. State, 88 Tex. Crim. Rep. 250; Crouch v. State, 87 Tex. Crim. Rep. 115; Weaver v. State, 53 Tex. Crim. Rep. 12; Viley v. State, 244 S. W. 538.

Appellant by various bills of exception complains at the action of the court in permitting the State to prove on the trial of the case that a pistol was used in the perpetration of the robbery, it being his contention that as the State had abandoned this portion of the indictment, it was improper to make the proof. The use of the pistol was so intermingled with and interrelated to the facts showing the robbery as to make it impossible to segregate one from the other. It was clearly a part of the main transaction and as such was admissible. Wyatt v. State, 55 Tex. Crim. Rep. 73; Carroll v. State, 42 Tex. Crim. Rep. 30.

The only effect that the State's abandonment of the charge that the robbery was committed by the use of firearms was to mitigate the punishment that could be assessed against the appellant. He certainly will not be heard to complain that this course was pursued by the State and because the State saw fit to prosecute on a charge where the punishment was less, it will not be held to have abandoned its right to develop all the facts occurring at the time the offense is alleged to have been committed. The facts show that the injured party was placed under duress by the appellant and carried to a place beyond Virginia Point and there he got out of the car in which he had been abducted by the appellant. The appellant complains at the action of the court in permitting the State to prove the actions and conduct of the alleged injured party at Virginia Point after the appellant had left him. The record shows that this happened but a few moments after they had parted company, and the circumstances show clearly that it was a part of the res gestae.

We have examined the statement of facts very carefully and have reached the conclusion that the appellant has had a fair trial and has been given the lowest penalty under facts entirely sufficient to support the verdict. The judgment is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The motion for rehearing is couched in the most general terms, averring first, that the trial court erred in overruling each and every ground of appellant's motion for new trial, and, second, that this court erred in overruling each and every proposition in appellant's brief. No new authorities are cited. No portion of the court's opinion is pointed out as announcing an erroneous conclusion either on the law or the facts. Ample consideration seems to have been given to the various points raised when the case was originally before us, and we perceive no error in the opinion.

*Overruled.*