EX PARTE BURL WAGNON.

No. 20313.   Delivered March 1, 1939.

The opinion states the case.

*M. E. Gates* and *Gordon M. Burns,* both of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Relator is in the penitentiary under a conviction for robbery in the District Court of Wheeler County, Texas.

Relator sought discharge from the penitentiary under a writ of habeas corpus heard before the Hon. Max Rogers, Judge of the 12th Judicial District of Texas. Upon being remanded relator appealed to this court.

It is relator's contention that the indictment against him charged only robbery by the use of firearms which is a capital case only, and that under the provision of the statute (Arts. 10a and 12, Vernon's C. C. P. of Texas) a jury could not be waived and a plea of guilty entered before the court as was done in this case.

In the application for the writ of habeas corpus it is stated that attached thereto and made a part thereof was a *certified copy* of said indictment. We find in the transcript what purports to be a copy of the indictment which we assume is the one which was attached to the application for writ of habeas corpus, but said indictment bears no certificate of the clerk that it is a correct copy of the indictment.

No statement of facts is brought before us showing what evidence was before the district judge on the habeas corpus hearing. In its absence we must assume that the evidence was such as to support the court's order remanding relator to the penitentiary authorities.

If the indictment in fact charged relator with robbery by assault and violence and by putting the party robbed in fear of life and bodily injury, and by using a firearm, the State could

abandon that part of the indictment alleging the use of a firearm, and relator could then waive a jury and enter his plea of guilty to ordinary robbery before the court without a jury. See Gonzales v. State, 88 Tex. Cr. R. 250, 226 S. W. 405; Sweeney v. State, 103 Tex. Cr. R. 393, 281 S. W. 571, and cases therein cited.

In the absence of a showing to the contrary we must presume that the learned trial judge who remanded relator had facts before him which authorized his action.