## EX PARTE MONA BELL.

No. 22001. Delivered January 14, 1942.

The opinion states the case.

*E. A. Berry, Jr.,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Petition is brought to the district court of Walker County seeking the release of Mona Bell from service in the penitentiary based on an indictment in Leon County and a trial in 1935 assessing a penalty of fifty years in the penitentiary.

It appears that the grand jury returned an indictment charging Mona Bell with robbery of R. E. Burroughs by an assault and by violence putting R. E. Burroughs in fear of life, etc., and by then and there exhibiting a fire arm. When the case was called for trial the appellant requested permission to plead guilty before the court without a jury. The judgment recited among other things that the court gave such consent; that the prosecuting attorney representing the State agreed in writing that he may do so, "and it appears that all prerequisited required by law for the waiving of this right have been performed." Upon such basis the court recited such consent in the minutes.

It is also shown by docket entry, not included in the judgment, that the prosecuting attorney waived the right to ask for the infliction of the death penalty.

Upon this record it is contended that the crime being one punishable by death, it was not permissible for the party on trial to waive a jury and plead guilty before the court. This identical question was before the court in Ex parte Wagnon, 125 S. W. (2d) 572, and the holding was contrary to such contention. It is there said that, "if the indictment charged the relator with robbery by assault and violence and putting the party robbed in fear of life and bodily injury and by the use of firearms the State, nevertheless, abandoned that part of the indictment alleging the use of firearms and that the relator could then waive a jury and enter his plea of guilty to ordinary robbery before the court without a jury." (Gonzales v. State, 88 Tex. Cr. Rep. 248; 226 S. W. 405; Sweeney v. State, 103 Tex. Cr. Rep. 393; 281 S. W. 571.). We find no material difference

between the question presented here and that decided by the court in the Wagnon case.

Furthermore, in his answer to the charge the warden of the penitentiary answered under oath that the appellant was being held by virtue of a judgment out of the district court of Rusk County, Texas. No attack is made on this judgment and the record does not show what proof was made on this issue, but the order of the district court from which this appeal comes might well be sustained on that ground were it not conclusively shown that he was properly held by the conviction attacked.

The judgment of the trial court is affirmed.