Monroe Allen MARSHALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 43496.

Court of Criminal Appeals of Texas.

March 10, 1971.

Rehearing Denied May 19, 1971.

Murray J. Howze, Lawrence L. Barber, Jr., Monahans, for appellant.

Calvin W. Wesch, Dist. Atty., Kermit, Ken Spencer, County Atty., Crane, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

The record reflects that on February 5, 1968, the appellant waived trial by jury and entered a plea of guilty before the court to the indictment charging him with the offense of rape.[1] The punishment was

---

1. In this record prepared for the purpose of an appeal from a revocation of probation *only* we do not find that prior to a guilty plea on February 5, 1968, the State filed a written notice that it would or would not seek the death penalty in this rape case. See Article 1.14, Vernon's Ann.C.C.P. In absence of a written notice that it would seek the death penalty, we feel the decision in Smith v. State,

assessed at five years but the imposition of the sentence was suspended and the appellant placed on probation subject to certain conditions and terms among which are found the requirements that the appellant

"(1) Commit no offense against the laws of this state or any other state of the United States of America;

"(2) Avoid injurious or vicious habits; * * *"

On June 23, 1969, the State filed a motion to revoke probation alleging the appellant violated his probation in that he

"(1) Committed the offense of 'driving while intoxicated' on or about November 2, 1968 in Crane County, Texas, which is an offense against the laws of the State of Texas,

"(2) Failed to avoid injurious or vicious habits in that he did drink intoxicating beverages on or about November 2, 1968, and

"(3) Failed to avoid injurious and vicious habits in that he did drink intoxicating beverages on or about January 25, 1969,

"(4) Committed the offense of driving at an excessive rate of speed on or about May 11, 1969 in Crane County, Texas, which is an offense against the laws of the State of Texas. In connection with this offense, the defendant was convicted in Cause No. 2585, entitled The State of Texas vs. Monroe Allen Marshall, In the Justice of Peace Court, Precinct No. 2, Crane County, Texas; and

"(5) Committed the offense of driving a motor vehicle without an operator's license on or about May 11, 1969 in Crane County, Texas, which is an offense against the laws of the State of Texas. In connection with this offense, the defendant was convicted in Cause No.

2586, entitled The State of Texas vs. Monroe Allen Marshall, In the Justice of Peace Court, Precinct No. 2, Crane County, Texas; * * *"

On June 27, 1969, after a hearing on the said motion the trial judge entered an order revoking probation expressly finding and separately setting forth that the appellant had violated his probation in each particular as alleged in the said motion to revoke probation. Sentence was then pronounced.

Therefore, at the outset, we find no merit in appellant's claim that the trial court abused its discretion in failing to specify upon what allegations in the motion to revoke the court relied in reaching its decision. Further, we find no request to the trial court for further findings or clarification. In Tate v. State, Tex.Cr.App., 365 S.W.2d 789, it was held an order revoking probation is not defective for failing to recite the findings upon which it was based, absent any request to the trial court for such findings. See also Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165, 167.

Appellant also urges the evidence is insufficient to support any finding of a violation of the probationary conditions.

We agree that the evidence reflecting the appellant was intoxicated on November 2, 1968, and on January 25, 1969, is insufficient to constitute a "habit" in light of our decision in Campbell v. State, Tex. Cr.App., 456 S.W.2d 918, 922, and fails to reflect separate violations of probation (Condition #2) as found by the trial court without the necessity of this court determining the meaning of the phrase "avoid injurious or vicious habits." See Article 42.12, Sec. 6, V.A.C.C.P.

We do find the evidence sufficient, however, to sustain the order revoking probation.

Tex.Cr.App., 455 S.W.2d 748, is controlling. Where no written notice seeking the death penalty is filed as required by Article 1.14, supra, and the State announces ready for trial and goes to trial, such action is tantamount to making it

known to the court that the State will not seek the death penalty. Under such circumstances, the accused may waive trial by jury and enter a plea of guilty before the court. The death penalty is no longer a possible penalty.

Constable Charles Blue testified he arrested the appellant for driving while intoxicated in the city of Crane on November 2, 1968, after observing his erratic driving and his failure to stop at a "red light." He related the appellant staggered, had a slurred speech, smelled of alcoholic beverages, and was, in his opinion as an experienced officer, intoxicated. The fact that appellant was intoxicated on that date is supported by testimony of the sheriff and appellant's probation officer.[2]

Texas Highway Patrolman Newell Lucas also testified at the revocation hearing that he arrested the appellant for speeding and driving a motor vehicle without a driver's license on May 11, 1969, and that he was present in the Justice of the Peace Court when the appellant was convicted of such offenses.

The evidence being sufficient to sustain the revocation of probation, the judgment is affirmed.

---

2. The appellant is in error in contending that the trial court could not consider such above described penal offense as being a violation of the probationary conditions until such time as such penal offense has been tried and there has been a conviction in a court of competent jurisdiction. See Dunn v. State, 159 Tex. Cr.R. 520, 265 S.W.2d 589; Gorman v. State, 166 Tex.Cr.R. 633, 317 S.W.2d 744; Smith v. State, 160 Tex.Cr.R. 438, 272 S.W.2d 104; Ex parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838; Ex parte Gomez, Tex.Cr.App., 241 S.W.2d 153; Hood v. State, Tex.Cr.App., 458 S.W.2d 662.