Leonard **RUTLEDGE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44003.

Court of Criminal Appeals of Texas.

June 29, 1971.

Melvin D. Whitaker, B. R. Reeves, Palestine, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

The record reflects that on December 9, 1968, after waiving trial by jury the appellant entered a plea of guilty before the court to an indictment charging him with murder.[1] His punishment was assessed at 3 years, but the imposition of the sentence was suspended and he was placed on probation. Among the conditions of probation was the requirement that the appellant "(a) Commit no offense against the laws of this State or any other State or the United States."

On June 30, 1970, the State filed its motion to revoke probation alleging the appellant had violated probationary condition (a) "to wit: Was arrested for being intoxicated and then the said Leonard Rutledge threatened the *life* of Kenneth Buckhanan and Charles Hudson on or about June 27, 1970 in Anderson County, Texas."

After the hearing on said motion on August 28, 1970, the court revoked probation and entered a formal order in which it was stated that the appellant had "violated the terms of his probation in that he was arrested for being intoxicated and then the said Leonard Rutledge threatened the *life* of Kenneth Buckhanan and Charles Hudson on or about June 27, 1970, in Anderson County, Texas."

Sentence was then imposed.

Appellant contends the trial court abused its discretion since the evidence offered was insufficient to justify revocation.

Kenneth Buckhanan, a Texas Highway Patrolman, testified that on June 27, 1970, about 10:30 p. m. he responded to a distur-

---

1. In Marshall v. State, Tex.Cr.App., 466 S.W.2d 582, this Court in footnote #1 thereof wrote:

    "In this record prepared for the purpose of an appeal from a revocation of probation *only* we do not find that prior to a guilty plea on February 5, 1968, the State filed a written notice that it would or would not seek the death penalty in this rape case. See Article 1.14, Vernon's Ann.C.C.P. In absence of a written notice that it would seek the death penalty, we feel the decision in Smith v. State, Tex.Cr.App., 455 S.W.2d 748, is con-

    trolling. Where no written notice seeking the death penalty is filed as required by Article 1.14, supra, and the State announces ready for trial and goes to trial, such action is tantamount to making it known to the court that the State will not seek the death penalty. Under such circumstances, the accused may waive trial by jury and enter a plea of guilty before the court. The death penalty is no longer a possible penalty."

    We conclude the same is here applicable.

bance call at the home of the appellant's father in Elkhart, Anderson County; that he saw the appellant "laying [sic] beside the road in a bar ditch or close to a bar ditch in some grass." He later clarified such testimony to show that the location "was across the fence into a pasture." Buckhanan related that in his opinion the appellant was intoxicated and he and his son Harry were placed under arrest and carried to jail by him and Deputy Sheriff Hudson. Buckhanan revealed that on the trip to jail appellant's son Harry stated "he had a 30-30 which he would get us with"; that appellant agreed with "Yes, son" and "Yes, we'll get the son-of-a-bitches or something to this effect."

Hudson testified he accompanied Buckhanan to the scene of the disturbance call where appellant was arrested for being intoxicated; that on the trip to jail Harry Rutledge, also under arrest, stated he had a 30-30 rifle and would take care of "these son-of-a-bitches"; that the appellant would agree saying "I'll help you" or "Yes, that's right, we'll take care of them."

Hudson also testified the appellant on one occasion during the trip said "You goddamn Buckhanan, I'll take a pistol and I'll get you." And then the appellant looked at Hudson and said, "You, too, you son-of-a-bitch."

Appellant testified he was visiting at his father's home on the occasion in question and had had "a couple of beers" when a fight commenced between his son and his nephew; that he and his father tried to stop the fight; that someone threatened to call the police and when he saw the headlights of a car coming he hid in the weeds near a junk pile because he was on probation and did not want to get into any trouble. He denied making any threats. His testimony as to the occurrences at the house was corroborated by that of his father. His son, Harry, also supported his testimony and denied making any threats or hearing his father make any.

It is well established that the fact of an arrest, standing alone, is not sufficient to support a revocation of probation based upon a claim that the probationer has violated a penal statute contrary to the conditions of his probation. Ex parte Gomez, Tex.Cr.App., 241 S.W.2d 153. And the mere fact that a formal complaint has also been filed does not change the rule. Flores v. State, 169 Tex.Cr.R. 2, 331 S.W.2d 217; Wicker v. State, Tex.Cr.App., 378 S.W.2d 332.

It would thus appear that "arrested for being intoxicated" does not show or reflect a violation of the probationary condition not to violate a penal law, although there was no objection to the allegation in the motion to revoke or the finding of the trial court on this ground.

If it be the State's contention that despite these defects the evidence showed the completed penal offense of "drunk in a public place," we cannot agree. There were no probationary restrictions placed upon the appellant concerning the consumption of alcoholic beverages, and the evidence does not show that if he was intoxicated that he was in a public place. The officers found him lying in the grass over a fence. Such evidence is insufficient to justify revocation upon this ground. See Padillo v. State, Tex.Cr.App., 420 S.W.2d 712.

There was developed on cross-examination of the appellant the following testimony:

"Q. Have you been locked up several times for being drunk before this?

"A. No, sir.

"Q. Not before this night and after you were placed on probation?

"A. Several times, no.

"Q. How many times?

"A. One time.

"Q. One time? All right. Did you pay a fine?

"A. I paid a fine; I paid one for nothing."

Nothing in the record shows that the *offense* for which appellant paid his fine *occurred* after he was placed on probation. See Mason v. State, Tex.Cr.App., 438 S. W.2d 556. Further, it is clear that the trial court did not use this testimony as the basis of his revocation order.

We are thus left with the question of whether the evidence is sufficient to reflect a violation of Article 1265, Vernon's Ann.P.C. (Seriously threatening life).

Article 1266, V.A.P.C., provides: "To constitute the offense it is necessary that the threat be seriously made, and it is for the jury to determine whether the threat, if made, was seriously made or was merely idle and with no intention of executing the same."

In Dailey v. State, Tex.Cr.App., 436 S. W.2d 346, the defendant was charged with seriously threatening to take a human life. As in the instant case, the threats were made to officers who had the defendant under arrest. There this Court concluded the evidence was sufficient, viewed in the light most favorable to the verdict, to sustain the conclusion of the jury, the trier of the facts, that the threats were seriously made.

In revocation of probation proceedings, the trial judge is the trier of the facts, the sole judge of the credibility of the witnesses and the weight to be given to their testimony. See Ellis v. State, Tex. Cr.App., 456 S.W.2d 398; Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165; See Roberts v. State, Tex.Cr.App., 363 S.W.2d 261. Cf. Hudson v. State, Tex.Cr.App., 418 S.W.2d 813.

In light of the evidence offered, we cannot conclude the trial court abused its discretion in revoking probation upon a finding of a violation of Article 1265, supra. See Dailey v. State, supra. This violation alone was sufficient to justify the revocation.

We do not deem Brown v. State, 142 Tex.Cr.R. 405, 154 S.W.2d 464, cited by the appellant, as calling for a different result. The threats here were future threats and the trial judge determined they had been seriously made.

The judgment is affirmed.