**Violen ELMO, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44618.**

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty. and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for murder with malice; the punishment, life imprisonment.

On the night of December 19, 1969, the appellant went to the Teardrop Inn in Dallas. He was in the company of his girlfriend, Ester "Gerry" Hilburn, his brother, Robert Terry and Terry's brother. Gerry Hilburn testified that the appellant had consumed some beer that night and that they had argued. She said that the appellant and Robert Terry had asked her to talk to another individual and try "to get him outside so they could rob him and take all his money." When she refused to do so, an argument followed.

At approximately 1:30 a. m., December 20, 1969, the deceased, Nat Johnson, a man in his middle 50's, entered the tavern. Johnson recognized the appellant's seventeen-year-old girlfriend, Gerry Hilburn, with whom he had been acquainted for more than two years. When Johnson inquired of Gerry Hilburn as to the reason for her being at the Inn at that late hour, she told him that she had come to eat and then asked if he would take her home. He agreed to do so. Shortly thereafter, they walked out the door and went to his automobile, which was parked nearby. The appellant and Robert Terry immediately left the Inn, following Nat Johnson and Gerry Hilburn.

Gerry Hilburn testified that when she and Johnson got to his car he took his key out, opened his door, got in the car and then unlocked the door on the passenger side. As she opened the door the appellant and Robert Terry pulled her out of the way, got into the automobile and told her

to leave. The appellant was holding a white-handled .22 caliber pistol. Elmo demanded that the deceased surrender his money and Robert Terry started searching him. At this time, Gerry Hilburn returned to the Teardrop Inn. The appellant's and Terry's brothers and Gerry Hilburn then left the Inn and approached the Johnson automobile. Four shots were heard. From across the street they saw the deceased lying on his face. They also saw the appellant and Terry run from the scene. Elmo still had the pistol in his hand as he fled. An autopsy revealed three bullets in the body of the deceased. One entered above and behind the right eye and lodged in the brain, another was discharged into the face of the deceased and lodged deep in the bone structure below the brain, and a third entered the chest cavity from the front right, piercing both lung sacs and damaging the pulmonary artery.

Appellant's ground of error number one alleges "The trial court erred when it failed to charge on the law of negligent homicide." Ground of error number two asserts that "The trial court erred when it failed to charge the jury that they should not consider any convictions introduced against the appellant for the purpose of impeachment as evidence of appellant's guilt or innocence or any other purpose than the impeachment of his testimony." No objections were made to the court's charge and no requested charges appear in the record. The requirements of Articles 36.14 and 36.15, Vernon's Ann.C.C.P. have not been met and no error is shown. Linebarger v. State, 469 S.W.2d 165 (Tex. Crim.App.1971); Hawkins v. State, 467 S. W.2d 465 (Tex.Crim.App.1971); Monroe v. State, 465 S.W.2d 757 (Tex.Crim.App. 1971). Grounds of error number one and number two reflect no error and are overruled.

In his third ground of error appellant urges that "The evidence is insufficient to establish the element of malice." The evidence showed that Nat Johnson was killed after being struck by three bul-

lets, fired from a .22 caliber pistol. Malice may be inferred where death results from the use of a deadly weapon. Tsamouris v. State, 472 S.W.2d 141 (Tex.Crim.App. 1971); Ratcliffe v. State, 464 S.W.2d 664 (Tex.Crim.App.1971); Grant v. State, 449 S.W.2d 480 (Tex.Crim.App.1969); 4 Branch's Ann.P.C. Section 2189, p. 534. Appellant's third ground of error is overruled.

The judgment is affirmed.

Opinion approved by the court.