**Charles MALONE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44829.**

Court of Criminal Appeals of Texas.

March 1, 1972.

Mary K. Wilkov, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

Wayne Bagley, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D.

Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

On February 10, 1969, the appellant entered a plea of guilty before the court to a charge of armed robbery. He was adjudged guilty and his punishment was assessed at eight years imprisonment. Imposition of the sentence was suspended and he was placed on probation.

The State filed a motion to revoke probation, alleging among other matters that the appellant had violated the condition of probation to "commit no offense against the laws of this . . . state . . ." by committing the offense of shoplifting. After a hearing on May 11, 1971, the court entered an order revoking probation and sentenced the appellant.

The appellant, while testifying, admitted that he had been convicted of the offense of shoplifting. The sufficiency of the evidence to show the offense of shoplifting has not been challenged.

Appellant's sole contention is that the record reflects that the appellant was indicted for a capital offense and that he was not tried before a jury, contrary to the provisions of Article 1.14, Vernon's Ann. C.C.P. Consequently, he argues the judgment entered by the court was void because the appellant could not lawfully waive a jury trial when tried for a capital offense.

■ Generally, an appeal from an order revoking probation is limited to the determination of whether an abuse of discretion is shown to have been committed by the trial court in revoking probation. Briones v. State, 473 S.W.2d 39 (Tex.Cr.App. 1971); Gonzalez v. State, 456 S.W.2d 53 (Tex.Cr.App.1970); Patton v. State, 450 S.W.2d 856 (Tex.Cr.App.1970); Wilkerson v. State, 395 S.W.2d 618 (Tex.Cr.App. 1965).

It is not necessary for us to decide whether the appellant, in an appeal from a revocation of probation order, may collaterally attack the judgment of conviction which he contends is void.

■ Although the record in this case does not contain a written statement that the State was not seeking the death penalty, there was an abandonment of the capital feature of the indictment when the State failed to file a written notice, as required by Article 1.14, V.A.C.C.P., that it was seeking the death penalty. This court has held, in construing Article 1.14, V.A. C.C.P., that the failure of the State to file the written notice that it would seek the death penalty constituted an effective waiver of the capital feature of the offense. Smith v. State, 455 S.W.2d 748 (Tex.Cr.App.1970).

In Rutledge v. State, 468 S.W.2d 802 (Tex.Cr.App.1971) and Marshall v. State, 466 S.W.2d 582 (Tex.Cr.App.1971) the records presented the same problem we are here confronted with. However, this contention was not raised in those cases as it is in this case. The explanatory note in footnote one to each of the opinions in Rutledge, *supra*, and Marshall, *supra*, is consistent with the holding in this case and reads as follows:

"In this record prepared for the purpose of an appeal from a revocation of probation *only* we do not find that prior to a guilty plea . . . the State filed a written notice that it would or would not seek the death penalty in this rape case. See Article 1.14, Vernon's Ann.C. C.P. In absence of a written notice that it would seek the death penalty, we feel the decision in Smith v. State, Tex.Cr. App., 455 S.W.2d 748, is controlling. Where no written notice seeking the death penalty is filed as required by Article 1.14, supra, and the State announces

ready for trial and goes to trial, such action is tantamount to making it known to the court that the State will not seek the death penalty. Under such circumstances, the accused may waive trial by jury and enter a plea of guilty before the court. The death penalty is no longer a possible penalty."

No abuse of discretion having been shown in the court's order revoking probation, the judgment is affirmed.

Opinion approved by the Court.