**John Edward JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45252.**

Court of Criminal Appeals of Texas.

April 5, 1972.

R. Leon Pettis, Beaumont, for appellant.

Tom Hanna, Dist. Atty. and John R. De-Witt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by firearms. Appellant plead guilty before the court, and his punishment was assessed at confinement for fifteen years.

■ Appellant asserts only one ground of error. He contends that the trial court erred in permitting him to waive the right of trial by jury. Appellant maintains that since he was being tried for a capital offense, and since the State had not filed a written notice of intention not to seek the death penalty, the waiver was not valid under the provisions of Art. 1.14, Vernon's Ann.C.C.P. The record does not reflect that the State filed a notice of intent to seek the death penalty.[1]

■ This Court has held that when the State goes to trial without having filed a written notice of intent to seek the death penalty, such action is tantamount to notifying the trial court that the State will not seek the death penalty. Smith v. State, 455 S.W.2d 748 (Tex.Crim.App.1970). Under such circumstances, a defendant may waive trial by jury and enter a plea of guilty before the court. Malone v. State, 476 S.W.2d 691 (Tex.Crim.App., delivered March 1, 1972); Rutledge v. State, 468 S.W.2d 802 (Tex.Crim.App.1971); Marshall v. State, 466 S.W.2d 582 (Tex.Crim.App.1971). Appellant's sole ground of error is overruled.

The judgment is affirmed.

1. The record reflects that appellant was admonished, in part, as follows:

"THE COURT: The punishment which the law provides in your case could have been the penalty of death, had the State elected to pursue and to seek that penalty, but no intention to do that has been filed with the Court by the State, . . . do you understand that?

"DEFENDANT: Yes, sir.

"THE COURT: You understand the Court will have no alternative but to assess punishment within that range of punishment?

"DEFENDANT: Yes, sir."