Earl PORTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 45390.

Court of Criminal Appeals of Texas.

June 7, 1972.

James Sparks, Jr., Beaumont (On Appeal Only), for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by firearms; the punishment, twelve years imprisonment.

The State did not file notice that it would seek the death penalty and the appellant waived a jury trial and entered a plea of guilty before the court.

The appellant's first ground of error is that "The evidence is insufficient to warrant a conviction." This contention is without merit. The evidence in the record is ample to support the conviction. The record includes a recitation by the Assistant District Attorney of the following facts:

"The file indicates that the defendant entered the Jif-E-Mart Drive In Grocery Store, 600 West Gulfway, Port Arthur, Jefferson County, Texas, on December 6, 1969, and an employee, Lottie Johnson, attempted to assist the defendant in making a purchase. The defendant left and a short while later returned and handed Lottie Johnson a holdup note and pulled a pistol. The victim put approximately $200.00 in a paper bag and the defendant left. The victim and the defendant attended Lincoln High School together. Thus, she knew who he was although she did not know his name. The victim, Lottie Johnson, picked his picture out of a mug book and the defendant was arrested the next day. School records were checked and they showed that the victim and the defendant had been in school at the same time."

The appellant, under oath, stated that the summary of facts, above quoted, was basically true and correct. On cross-examination he stated he was pleading guilty because he was guilty and for no other reason. This ground of error is overruled.

■ Ground of error number 2 is that "The Honorable Court failed to properly admonish the appellant as to the ranges of punishment of his plea."

The court admonished the appellant of the consequences of his plea as follows:

"THE COURT: Well, the law provides that the punishment is confinement in the Department of Corrections for any term of years not less than five, so, if the Court finds you guilty on a plea of guilty, punishment within that range of punishment will be required of the Court, do you understand that?"

The indictment alleged robbery by firearms; however, since the State did not seek the death penalty, this is not a capital case. Malone v. State, 476 S.W.2d 691 (Tex.Crim.App.1972) and Smith v. State, 455 S.W.2d 748 (Tex.Crim.App.1970). Death was not a possible punishment in this case, but the State did not move for the dismissal or abandonment of that portion of the indictment which charges the use or exhibition of a firearm. Therefore, the case remained one of robbery by firearms.

The trial judge did correctly admonish the appellant as to the range of punishment possible under the statute. Article 1408, Vernon's Ann. P.C.[1]

■ The third ground of error is that "Both the trial court and appellant's retained counsel failed to properly ascertain if the appellant understood the consequences of his act/plea." The appellant here argues that the court did not comply with the requirements of portions of Article 26.13, Vernon's Ann.C.C.P., which provide, ". . . and neither of such plea shall be received unless it plainly appears that he is sane, and uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt." Where, as in this case, a recitation in the judgment, substantially in the wording of the statute just quoted is made, it has been held to be insufficient if the record shows that the defendant had not been so admonished. Ex parte Chavez, 482 S.W.2d 175 (1972); Rogers v. State, 479 S.W.2d 42 (1972); Ex parte Battenfield, 466 S.W.2d 569 (Tex. Crim.App.1971); Wilson v. State, 456 S. W.2d 941 (Tex.Crim.App.1970); Miller v. State, 424 S.W.2d 430 (Tex.Crim.App. 1968); Williams v. State, 415 S.W.2d 917 (Tex.Crim.App.1967); Braggs v. State, 169 Tex.Cr.R. 405, 334 S.W.2d 793 (1960); Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956) and May v. State, 151 Tex.Cr.R. 534 ,209 S.W.2d 606 (1948).

■ The transcript of the testimony in this case does not show that the appellant was admonished in the exact words of the above quoted statute. However, in separate instruments included with the written waiver of jury trial and stipulations made by the appellant is an instrument signed on the date of the trial by the trial judge, which states:

" . . . The Court:

" . . .

"5. Asked the Defendant if he had been abused or mistreated in any manner, or promised any favors or hope of pardon or parole as an inducement to enter his

---

1. Article 1408, V.A.P.C. provides:
"If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."
Life imprisonment is not a possible punishment where the offense is robbery by firearms. See Presiding Judge Onion's concurring opinion in Valdez v. State, 479 S.W.2d 927 (1972).

plea of guilty, and the Defendant stated that he had not been abused nor mistreated nor promised anything to induce his plea, but that he was entering a plea of guilty because he was guilty and for no other reason;"

The record is sufficient to support the recitation in the judgment meeting the requirement of the statute. Article 26.13, V. A.C.C.P. This ground of error is overruled.

Ground of error number 4 is that "The State erred in the introduction of its entire file without any exclusions, even on a plea of guilty, the exculpatory statements of the appellant recognized in part by two separate writings of the State's counsel."

Although the practice is not commended by this court, the State introduced into evidence the entire file concerning this offense.

There do not appear to be any exculpatory statements of the appellant in the file. The "two separate writings" referred to in appellant's ground of error are actually a letter to one of the appellant's defense counsel and a memorandum to the district judge concerning the status of the case. These communications indicate that personnel of the District Attorney's Office believed the appellant was going to interpose a defense of alibi and that a jury trial would be requested. Neither the communications nor any other part of the file indicate any basis for a defense of alibi. The communications merely reveal the defense which it was expected the appellant might employ. The appellant's argument that the rule applicable here is the same as that requiring the State to disprove exculpatory portions of a confession introduced by the State, is wholly without merit.

The judgment is affirmed.

Opinion Approved by the Court.