**Willie Earl ROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45203.**

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Nov. 22, 1972.

A. W. Salyars, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by firearms; the punishment, fifteen years imprisonment.

The sufficiency of the evidence is not challenged.

The appellant contends that the trial court erred in failing to instruct the jury on an affirmative defense concerning the identification of the appellant. The objection to the court's charge upon which this ground of error is predicated was dictated into the record. Objections to the court's charge dictated into the record do not preserve error. See, *e. g.,* Seefurth v. State, 422 S.W.2d 931 (Tex.Cr.App.1967) and Baity v. State, 455 S.W.2d 305 (Tex. Cr.App.1970). The argument made that the failure to give such charge was of constitutional dimensions transcending procedural rules is without merit. The objections to the court's instructions to the jury were not made in writing and timely presented to the trial court, as required by Article 36.14, Vernon's Ann.C.C.P. Assuming an affirmative defense was raised,

no error was preserved. See, *e. g.*, Elmo v. State, 476 S.W.2d 296 (Tex.Cr.App. 1972) and Garza v. State, 479 S.W.2d 294 (Tex.Cr.App.1972).

The remaining grounds of error complain that the trial court committed reversible error "pertaining to the penalty for the offense charged" and "taking away from the jury the right to assess the death penalty" by "eliminating the maximum penalty death as a punishment."

■ The State did not file its intention to seek the death penalty, therefore, death was not a possible punishment in this case. See Malone v. State, 476 S.W.2d 691 (Tex.Cr.App.1972) and Smith v. State, 455 S.W.2d 748 (Tex.Cr.App.1970).[1] The trial court was correct in omitting from the charge the penalty of death as a possible punishment for the offense. Sanders v. State, 453 S.W.2d 162 (Tex.Cr.App.1970); Head v. State, 160 Tex.Cr.R. 42, 267 S.W. 2d 419 (Tex.Cr.App.1954) and Graham v. State, 73 Tex.Cr.R. 28, 163 S.W. 726 (Tex.Cr.App.1914).

■ The court charged the jury concerning punishment that "the punishment . . . is confinement in the penitentiary for life or for any term of years not less than five." This charge was incorrect. Article 1408, Vernon's Ann.P.C. does not provide that a life sentence is a penalty for robbery by firearms.[2] See Porter v. State, 482 S.W.2d 282 (Tex.Cr.App.1972) and Valdez v. State, 479 S.W.2d 927 (Tex.Cr. App.1972) (concurring opinion). In the circumstances of this case where no objec-

tion to the charge relating to the authorized penalty was made and the jury assessed a penalty for a term of years as authorized by the statute, we find the error harmless.

The judgment is affirmed.

Opinion approved by the Court. ·

---

1. The trial date was March 30, 1971, before the decision of the Supreme Court of the United States in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed. 2d 346 and Branch v. Texas, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, holding the death penalty, as applied to be a violation of constitutional rights.

2. Article 1408, V.A.P.C., provides:
   "If any person by assault, violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."