**Walter Sammy GOFFNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46361.

Court of Criminal Appeals of Texas.

Jan. 10, 1973.

Rehearing Denied Feb. 21, 1973.

Theodore R. Johns, Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of rape. Trial was before the court on a plea of nolo contendere. The punishment was assessed at thirty-three years in the Department of Corrections.

Appellant and Donald Christopher Jackson were jointly indicted for this offense on February 13, 1969. The State filed its written notice of intent to seek the death penalty, as to both appellant and Jackson, on August 25, 1969, and a hearing was held on September 5, 1969, at which time notice was given in open court and the docket notation entered. On September 26, 1969, appellant, represented by retained counsel, filed a motion to sever. His motion was granted. Jackson was convicted on November 20, 1969. His conviction was affirmed by this Court. See Jackson v. State, Tex.Cr.App., 470 S.W.2d 201. Appellant did not come to trial until October 5, 1970.

Appellant alleges two grounds of error. First, he complains that the trial court erred in accepting his plea of nolo contendere before the court, because he was charged with the offense of rape by force and the State had given written notice of its intent to seek the death penalty. Second, he challenges the sufficiency of the evidence.

Article 1.14, Vernon's Ann.C.C.P., provides:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the

right of trial by jury in a capital felony case in which the state has made known in open court in writing at least 15 days prior to trial that it will seek the death penalty. No case in which the state seeks the death penalty shall be tried until 15 days after such notice is given. When the state makes known to the court in writing in open court that it will not seek the death penalty in a capital case, the defendant may enter a plea of guilty, nolo contendere, or not guilty before the court and waive trial by jury as provided in Article 1.13, and in such case under no circumstances may the death penalty be imposed."

■ The real issue before this Court is whether or not the provisions of Article 1.-14, supra, are mandatory. Must the State file written notice that it will not seek the death penalty or may it waive the capital provision of a crime orally or through its actions when the case comes to trial?

In Yeagin v. State, Tex.Cr.App., 400 S. W.2d 914, this Court held that it was not reversible error for the trial court to orally grant the State's oral motion to dismiss the portion of a robbery indictment alleging that the defendant used a pistol.

Again in Ex parte Bell, 143 Tex.Cr.R. 134, 157 S.W.2d 892, this Court held that where the indictment charged the defendant with robbery by an assault and the use of a firearm, which offense as charged was punishable by death, the State could abandon that part of the indictment alleging the use of firearms, and the defendant could then waive a jury and enter a plea of guilty to ordinary robbery before the trial court without a jury.

An examination of the record in this case clearly shows that neither the court, the prosecutor, nor the defense counsel was aware of the State's previous filing of its written intent to seek the death penalty over a year earlier. Appellant was represented by the same retained counsel which had represented him when the State made it known in open court that it would seek the death penalty. Yet, it is obvious from the record that counsel had overlooked the State's original filing as had the State. The following passage from the trial court's admonishment supports such a conclusion.

"Q. Have you had explained to you by your counsel that the punishment under the law, should you be convicted of this offense, is confinement in the Department of Corrections for life or for any term of years not less than five?

"A. Yes, sir.

"Q. Have you had it explained to you by your counsel that except for the fact that the—the State could, if they desired to do so, prosecute your case and seek the penalty of death should you be convicted but that intent has not been indicated and, therefore, the maximum punishment is life in the penitentiary, do you understand that?

"A. Yes, sir.

"Q. Now, how do you plea, guilty or not guilty?

"MR. JOHNS: Nolo Contendre, Your Honor.

"Q. You are pleading Nolo Contendre, is that correct?

"A. (Appellant) Yes, sir.

"Q. Now, a plea of Nolo Contendre Mr. Goffney, simply means that you do not contest the case and that if from the evidence which is presented the Court the State shows that you are guilty and you do not contest it, you will be found guilty, do you understand that?

"A. Yes, sir.

"Q. Now, are you entering this plea after a full discussion of all the facts of the matter with your counsel?

"A. Yes, sir.

"Q. Now, the fact that the State has not asserted its right to ask for the death penalty is not part of your consideration in your plea?

"A. No, sir.

"Q. That's not any part of it. That's on the State's own motion. That has nothing to do with the plea, do you understand that?

"A. Yes, sir.

"Q. The only punishment you are concerned with is a maximum of life or any term of years not less than five, do you understand that?

"A. Yes, sir.

"Q. Now, did you execute this jury waiver?

"A. Yes, sir."

It is apparent that at the time appellant entered his plea the State had no intention of seeking the death penalty. The record shows that in agreeing to the court's admonishment, the State had in effect abandoned the capital element of the offense and appellant's plea was properly accepted.[1] Appellant's first ground of error is overruled.

Next, appellant challenges the sufficiency of the evidence. The record shows that appellant's confession was among the exhibits introduced under the agreed stipulation of testimony as was a statement by the prosecutrix and her boyfriend. Further, the appellant also made a judicial confession of his guilt. The facts are substantially the same as Jackson v. State, supra. The evidence is sufficient to support the conviction.

No reversible error being shown, the judgment is affirmed.

---

1. As a practical matter the judge could not have given the death penalty. See Jones v. State, Tex.Cr.App., 416 S.W.2d 412. Further, the death penalty has since been declared unconstitutional in its present form. See Furman v. Georgia and Branch v. Texas, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.