**Ex parte Edward WATKINS.**

**No. 46286.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Harry Walsh, Huntsville, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is a post-conviction habeas corpus proceeding, authorized by Article 11.07, Vernon's Ann.C.C.P.

The petitioner was convicted in the 34th Judicial District Court of El Paso County for the offense of murder and his punishment was assessed by the court at fifty years imprisonment.

In his petition for writ of habeas corpus the petitioner alleges that the conviction is void because the "court was without jurisdiction to accept a plea of guilty and waiver of the right to trial by jury in this cause by reason of the fact that said cause was a capital case."

The indictment was returned on the 17th day of July, 1969, and notice that the State would seek the death penalty was filed September 4, 1969. On September 30, 1969, the petitioner appeared with appointed counsel, waived his right to a jury trial and entered a plea of guilty. On the same day, after he had waived the time allowed for the filing of a motion for new trial, the petitioner was sentenced. No appeal from the conviction was taken.

The record contains an affidavit made by an assistant district attorney that "Edward Watkins entered a plea of guilty on September 30, 1969, and after being duly admonished this plea was accepted and the Defendant was sentenced to a term of not less than two years not (Sic) more than fifty years; That prior to the entry of said plea of guilty the State of Texas did

**618**

not in writing and in open court make known to the Court that it would not seek the death penalty."

Article 1.14, V.A.C.C.P., provides:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case in which the State has made known in open court in writing at least 15 days prior to trial that it will seek the death penalty. No case in which the State seeks the death penalty shall be tried until 15 days after such notice is given. When the State makes known to the court in writing in open court that it will not seek the death penalty in a capital case, the defendant may enter a plea of guilty before the court and waive trial by jury as provided in Article 1.13, and in such case under no circumstances may the death penalty be imposed."

 In Jackson v. State, 478 S.W.2d 546 (Tex.Cr.App.1972), the State had not filed notice it would not seek the death penalty and this court held that when the State goes to trial without having filed written notice of intent to seek the death penalty, such action is tantamount to notifying the trial court that the State will not seek the death penalty, see also Smith v. State, 455 S.W.2d 748 (Tex.Cr.App.1970), and under such circumstances a defendant may waive trial by jury and enter a plea of guilty before the court. Jackson v. State, supra; Malone v. State, 476 S.W.2d 691 (Tex.Cr.App. 1972); and see Rutledge v. State, 468 S.W.2d 802 (Tex.Cr.App.1971) and Marshall v. State, 466 S.W.2d 582 (Tex.Cr.App. 1971).

Recently, in Goffney v. State, 489 S.W.2d 882 (Tex.Cr.App.1973), the State had *not withdrawn* a written notice that it would seek the death penalty in a capital case and no written notice had been filed that the State would not seek the death penalty. *Goffney* was a direct appeal and the record reflected the colloquy between the court and the defendant at the time he entered the guilty plea and was admonished concerning that plea. This gave evidence that the State was not seeking the death penalty when the plea of guilty was entered. 489 S.W.2d at 884. Under these circumstances in *Goffney* it was held that the State by its actions other than written notice could waive the death penalty and the judgment was affirmed.

■ On this writ of habeas corpus, we do not have available a record made at the time the petitioner entered his plea of guilty as we did in Goffney v. State, supra, but we hold under the facts in this case that the State's act in proceeding to trial before the court without intervention of a jury was tantamount to an abandonment and constituted a withdrawal of its notice that it would seek the death penalty. The petitioner, under these circumstances, could and did validly waive his right to trial by jury.

The application for writ of habeas corpus is denied.

Opinion approved by the Court.