**James ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45787.**

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

John K. Gresham, Richmond (Court appointed), for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The appellant was granted a delayed appeal from a conviction for robbery by firearms; the punishment, 35 years imprisonment.

Appellant's appointed counsel filed a brief with this court stating that the appeal was frivolous and without merit. We do not agree.

The record reveals that appellant entered a plea of guilty before a jury. The admonishment given the appellant appearing in the record is as follows:

"The Court: You have pled guilty, and you have been admonished of the consequences of such plea of guilty. Now, no one has promised you a pardon, no one has threatened you, has made you plead guilty, you are not pleading guilty through any fear, but you are pleading guilty because you are guilty, as charged in the indictment?

"The Defendant: Yes, sir.

"The Court: You appearing to be sane, the Court will accept your plea of guilty."

The court's charge to the jury on punishment, the docket sheet and the judgment, each recite a conclusion that a proper admonishment was given. However, the admonishment appearing in the record is deficient because it does not show that the appellant was admonished by the court of the consequences of his plea. The appel-

lant was not told that as a consequence of his plea of guilty the jury would be instructed to assess his punishment for the offense of Robbery by Firearms *at any term of years not less than five.*[1] Such an admonition is mandatory. Article 26.13, Vernon's Ann.C.C.P. Loudd v. State, 474 S.W.2d 200 (Tex.Cr.App.1971) and cases there cited.

Because the record fails to affirmatively show that the appellant was properly admonished as to the consequences of his plea, the judgment is reversed.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

1. The trial date was May 19, 1971, before the United States Supreme Court had decided Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, and the State had not filed notice that it would seek the death penalty, Article 1.14, V.A.

C.C.P.; so death was not a possible punishment. Jackson v. State, 478 S.W.2d 546 (Tex.Cr.App.1972); Malone v. State, 476 S.W.2d 691 (Tex.Cr.App.1972) and see Ex parte Watkins, 489 S.W.2d 617 Tex.Cr.App. (1973).