**Kregg Lee ALBRITTON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–199–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 3, 1984.

Bird & Bird, Steven R. Bird, Childress, for appellant.

Ann Postma Musgrove, Childress, for appellee.

Before HUGHES, BURDOCK and HILL, JJ.

## OPINION

BURDOCK, Justice.

Appellant, Kregg Lee Albritton, appeals an order of the County Court of Childress County revoking his probation.

We affirm.

Appellant waived an attorney and pled guilty to the offense of driving while intoxicated. The judgment, entered on April 18, 1983, shows appellant was adjudged guilty by the court and punishment was assessed at a fine of $350.00 and 90 days confinement in the Childress County Jail. Imposition of the sentence was suspended and appellant was placed on probation for a period of 12 months, subject to the terms and conditions of probation. Appellant did not appeal this conviction.

On May 28, 1983, appellant was arrested for speeding, intoxication, and driving while intoxicated. The State promptly filed a motion to revoke appellant's probation.

After a hearing, in which appellant was represented by counsel, the trial court revoked appellant's probation and imposed sentence as set forth in the court's order of April, 1983. It is from the revocation of probation appellant now appeals.

In his first two grounds of error, appellant alleges that the trial court erred in revoking the probation of the appellant without previously adjudicating his guilt in the original offense of April 18, 1983 and in overruling appellant's motion to quash the revocation of probation petition when he was not given a hearing on the question of the finality of the April conviction prior to the hearing on the motion to revoke probation. We disagree.

 It has been established that any defendant who is placed on misdemeanor deferred adjudication is entitled to move for final adjudication as provided in TEX. CODE CRIM.PROC.ANN. art. 42.13 sec. 3d(a) (Vernon Supp.1984); *McDougal v. State,* 610 S.W.2d 509 (Tex.Crim.App.1981). However, in the case at bar, appellant was not placed on deferred adjudication, but rather on misdemeanor probation pursuant to art. 42.13 sec. 3. One distinguishing factor between "probation" and "deferred adjudication" is set forth in art. 42.13. In "deferred adjudication", the court does not enter an adjudication of guilt, but simply places the defendant on probation after receiving his plea. "Probation", on the other hand, is an order of the court after the defendant enters his plea and the court enters its finding of the defendant's guilt. *Compare* art. 42.13 sec. 3 *with* sec. 3d(a).

 The trial court in this case found the appellant guilty upon his plea of guilty. On a form entitled "Order Granting Misdemeanor Probation (Trial by Court)" the following language appears:

On this 18th day of April, 1983, this cause was called for trial, and came the County Attorney for Childress County, Texas, and came the Defendant in person; and the Defendant, having been duly arraigned, entered a plea of guilty to the charge set forth in the informa-

tion, and waived trial by jury. The Court having heard the information read and the evidence submitted thereon, *it is considered and adjudged by the Court that the Defendant is guilty as charged in the information* of the offense of Driving while intoxicated (M) and assess his punishment at a fine of $350.00 and 90 days confinement in the Childress County Jail, together with all costs in this behalf incurred.

It appearing to the Court, however, that before this trial Defendant made application in writing and under oath to the Court for probation herein; and it further appearing to the Court that Defendant satisfies the requirements of the Misdemeanor Probation Law of Texas and that the ends of justice and the best interests of society and of the Defendant will be served by granting Defendant probation in this cause.

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED *that the finding of guilty* herein shall not be final, that no judgment be rendered thereon, and that Defendant be, and is hereby placed on probation in this cause for a period of 12 months from this date, on the following terms and conditions, to-wit: That he pay all costs herein incurred, and that *during the term of such probation he shall:* [terms of probation] [Emphasis added.]

Having determined that the appellant was never placed on deferred adjudication, we find that the provisions of art. 42.13 sec. 3d(b) and the requirement of a hearing to adjudicate guilt do not apply. Appellant's first two grounds of error are overruled.

Appellant's third, fourth, and fifth grounds of error allege that the trial court abused its discretion in revoking appellant's probation because (Ground No. 3) a cause for revoking the probation was not established by the evidence; (Ground No. 4) the original terms of the probation were vague and did not allow the appellant sufficient information with which to abide by the terms of the probation; and (Ground No. 5) there was insufficient proof of violation of the terms of probation.

■ Appellant was arrested by Department of Public Safety trooper, Robert Byrd, after the automobile driven by appellant was clocked at 103 m.p.h. on U.S. Highway 287 near Memphis in Hall County, Texas, on May 28, 1983. Officer Byrd further testified that highway 287 was a public road; the radar unit he was using was in working order; the speed at which appellant was driving exceeded the posted speed limit of 55 m.p.h., and this speed was not reasonable under the conditions then existing. The only evidence of any emergency that would excuse the speeding was appellant's response to Officer Byrd that he was late to visit a girlfriend.

Officer Byrd smelled a strong odor of alcoholic beverage on appellant's breath. Appellant did admit to Officer Byrd that he drank one beer. An inventory of appellant's automobile revealed one six pack of beer with four bottles empty. Appellant was then arrested for driving while intoxicated.

Appellant testified at the probation revocation hearing that he was traveling too fast, but he was "late for a date". Appellant admitted he was speeding, but did not know how fast he was going because his speedometer only "registers up to 85" m.p.h. We find the evidence sufficient to sustain the court's order revoking probation. *Masquelette v. State,* 579 S.W.2d 478 (Tex.Crim.App.1979). Appellant's fifth ground of error is overruled.

The trial court found that the appellant violated the first term of his probation in that he committed an offense against the laws of this State. TEX.CODE CRIM. PROC.ANN. art. 42.13 sec. 6(a)(1) (Vernon Supp.1984). Speeding is a violation of the law, for which the police have a right to arrest the violator. TEX.REV.CIV.STAT. ANN. art. 6701d, sec. 148, 153 (Vernon 1977); *Borner v. State,* 521 S.W.2d 852 (Tex.Crim.App.1975); *Tores v. State,* 518 S.W.2d 378 (Tex.Crim.App.1975).

■ A speeding conviction is punishable by a fine of not less than one (1) dollar nor more than two hundred (200) dollars. TEX.REV.CIV.STAT.ANN. art. 6701d, sec. 143 (Vernon 1977). Under our Penal Code, if an offense is punishable by fine only, it is classified as a "Class C Misdemeanor". TEX.PENAL CODE ANN. sec. 12.41(3) (Vernon 1974). Having established speeding is a violation of the law for which there is a punishment, we find that proof thereof is sufficient to establish that appellant violated the terms and conditions of his probation, and this will support a revocation of probation.

Appellant asserts that no probation should be revoked for a traffic violation such as speeding. We realize the offense of speeding may be committed by anyone, and in some cases an individual may be cited for doing so without intentionally committing the act.

■ In *Marshall v. State*, 466 S.W.2d 582 (Tex.Crim.App.1971), the State charged the defendant, in a motion to revoke his probation, with driving while intoxicated and four other separate violations of his probation. Convictions for these offenses would be punishable by fine only as "Class C Misdemeanors" under the present Penal Code. These offenses included two traffic violations, speeding and driving a motor vehicle without an operator's license. The Court of Criminal Appeals sustained the order revoking probation since the probation was conditioned upon defendant not committing an offense against the laws of the State, including the offenses of driving while intoxicated, speeding and driving a motor vehicle without a driver's license. Although several traffic offenses were involved in *Marshall*, the court did not hold that a revocation of probation is contingent on the number of traffic offenses committed. Therefore, it can be concluded that a conviction of speeding alone can be sufficient to sustain a revocation of probation.

■ Appellant alleges in his fourth ground of error that the terms of probation were too vague to give appellant sufficient information with which to abide by them.

A reading of the record does not support appellant's last contention. Appellant testified at the revocation hearing about the circumstances of his original guilty plea and the probation.

[Defense Counsel]

Q. And you and the County Attorney had worked out some plea bargain, whereby you would plead guilty, and she would recommend to the Court a probated sentence?

A. Yes, sir.

Q. And you were agreeable to that?

A. Yes, sir.

Q. And the Court showed you leniency and granted you probation?

A. Yes, sir.

Q. Have you tried to live up to that probation?

A. Yes, sir, except for that one night.

Q. Sir?

A. Except for the one night of speeding.

Q. Actually, are you telling the Court you were not intoxicated that night?

A. No, sir.

Q. But the only thing was, you were speeding?

A. Yes.

\* \* \* \* \* \*

Q. Did this Court tell you at the time he gave you probation, "I don't want to see you again"?

A. Yes.

Q. "I want you to live up to these terms"?

A. Yes.

Q. And you understood the terms?

A. Yes.

Q. But you are asking the Court for leniency here today?

A. Yes.

Appellant's testimony clearly shows he negotiated the plea of guilty for a probated sentence and that he understood the terms of the probation. Appellant's fourth ground of error is overruled.

Judgment affirmed.