**Kregg Lee ALBRITTON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–199–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 14, 1984.

Bird & Bird and Steven R. Bird, Childress, for appellant.

Ann Postma Musgrove, County Atty., Childress, for State.

Before HUGHES, BURDOCK and HILL, JJ.

## OPINION ON MOTION FOR REHEARING

BURDOCK, Justice.

In appellant's motion for rehearing, he takes issue with our holding in one ground of error. Appellant suggests that a conviction for speeding alone is insufficient to sustain an order revoking appellant's probation.

The opinion issued by this court, 676 S.W.2d 717, in overruling appellant's original third ground of error relies exclusively on the Court of Criminal Appeals' opinion in *Marshall v. State,* 466 S.W.2d 582 (Tex. Crim.App.1971). We are informed by appellant that this is in conflict with *Steed v. State,* 467 S.W.2d 460 (Tex.Crim.App.1971). We shall attempt to clearly distinguish between the two authorities and apply the applicable law to the case at bar.

In *Steed,* the appellant was placed on probation for possession of marihuana and subsequently arrested because of loud mufflers on her car. A motion to revoke her probation was filed, but not for a traffic offense. In holding the evidence insufficient to support a revocation of probation, the Court of Criminal Appeals did not consider any traffic violation, but only those alleged violations of certain conditions of her probation, to-wit:

c) Avoid persons or places of disreputable or harmful character;

f) Work faithfully at suitable employment as far as possible;

i) Support your dependents.

*Steed,* 467 S.W.2d at 461. We hold that *Steed* is no authority for appellant's position. We will, however, attempt to clarify our holding in the instant case.

■ We stand by our statement that the offense of speeding could be committed by an individual without intentionally meaning to do so. In theory, at least, a citizen may drive an automobile a few miles per hour over the speed limit without intending to exceed the posted speed limit. That is not the situation here, however. Appellant, as set forth in greater detail in our original opinion, was clocked on radar at 103 m.p.h. He did not agree with that assessment, but appellant did admit he was "late for a date" and his speedometer was exceeding 85 m.p.h. Eighty-five miles an hour was the maximum speed that could be shown on his speedometer. To exceed the lawful speed by a few miles per hour could be unintentional; to drive an automobile in excess of 100 m.p.h. and not be aware of it would require appellant to be oblivious to his surroundings and the safety of others.

■ In *Marshall,* 466 S.W.2d at 582, the Court of Criminal Appeals sustained a revocation of probation based on allegations of drunk driving and traffic violations, including speeding, which are punishable by fine only. The traffic offenses were specifically pled and proven by the evidence. Although it is acknowledged that driving while intoxicated is sufficient alone to revoke a probation, the Court in *Marshall* did not sever the traffic offenses as being insufficient to sustain an order revoking probation. From this we can only assume that when it is alleged that a probationer has violated the conditions of his probation, traffic offenses can stand on an equal footing with other violations of the law and can constitute an offense against the laws of this state or any other state of the United States of America as would support a revocation of probation.

Appellant's motion for rehearing is overruled.